ASA BIGGS, Executor, *vs.* SAMUEL J. WILLIAMS, *et al.*

1. The survivor of two joint guardians may sue on a note payable to such guardians as such and on his death *pendente lite*, the suit is properly revived in the name of his personal representative, as exeector or trustee of an express trust, under section 37, C. C. P., notwithstanding that the wards have arrived at full age and the note was assigned by the plaintiff to one of them.

2. Notwithstanding that sec. 80, ch. 113, Acts 1868–'69 be regarded as repealed by subsequent acts, and although it provides " that any executor or administrator, against whom an action is pending in any Court of this State, and who has heretofore entered pleas in such actions, may hereafter, (as a matter of right and without ) costs, amend, strike out, or change such pleas at his discretion;" yet the provision does not contemplate the exercise of such privilege at any indefinite period, but an application thereunder must be made within a reasonable time.

3. A delay until the fourth Court after the passage of the Act is unreasonable and works a forfeiture of the right, and the granting of such motion is wholly in the discretion of the Court below.

4. Whether interest on a guardian note can be compounded after his death, *quere*, but such difficulty may be obviated by a remission of the interest alleged to be in excess, even in this Court.

This was an action of debt commenced under the old system by one Sherrod as the survivor of himself and one Cotton joint

guardians of two wards and on the death of Sherrod was revived in the name of the present plaintiff, as his executor, and was tried at the Spring Term, 1871, of Martin Superior Court, before His Honor Judge Moore and a jury.

The facts are so fully and clearly stated in the opinion of the Court, that the reporter deems it a work of supererogation to attempt a recital of them.

There was a verdict and judgment for the plaintiff and the defendant appealed.

*Busbee & Busbee* for appellants.
W. *N. H. Smith* for appelless.

Rodman, J.   This was an action brought by John J. Sherrod, guardian, &c., against Samuel Williams, William H. Gillikin and Winston, executor of Joseph Williams upon a bond for $86, made by Samuel Williams, Gillikin, and Joseph Williams and others payable to the plaintiff, and to one Cotton as guardian of Susan V. Clark and William S. Clark.   Cotton one of the payees died between the making of the note and the commencement of the action.   After the issuing of the writ the plaintiff Sherrod died, and at Spring Term, 1869, his death was suggested, and Asa Biggs, his executor (the present plaintiff), was made party in his stead.   At the same term the defendants pleaded payment and set off.   Susan Clark became of full age in 1866, and William Clark in 1868.   Until after the death of Sherrod he held the note as the undivided property of the wards.

After Biggs as executor of Sherrod became a party the note was assigned to William S. Clark, as a part of his share of the fund owned in common by him and Susan.

At Spring Term, 1871, the action was called for trial and Winston as executor of Joseph Williams demanded leave to add to his former pleas, that of fully administered.   The Judge asked him if he had not been present at a previous term of the

Court, and upon his saying that he had been, the Judge refused to allow him to enter the proposed plea.

The case was then submitted to the jury, who, under the instructions of the Judge, found all the issues for the plaintiff, and assessed his damages at compound interest up to the arrival at full age of William Clark. The defendant Winston, appealed.

The exceptions taken by the appellant are :

1. That after the death of Sherrod, the action should have been continued in the names of his wards, Susan and William Clark, and not in the name of his executor, sec. 57 C. C. P., provides that an executor or trustee of an express trust may sue without joining with him the party equitably interested. So that the action was properly continued in the name of the executor of Sherrod. Under the old system it was never doubted that a note payable to a guardian as such, must be sued on by his personal representative after his death, unless some circumstances existed to give a court of equity jurisdiction, such as a refusal by the trustee to allow his name to be used, &c.

2. That the refusal of the Judge to allow the motion of Winston executor of Joseph Williams was erroneous. This was the point most insisted on in the Court.

The right was claimed under the the Act of 1868-'69, ch. 113, sec. 80, p. 278. It was contended by plaintiff, that this section was in effect repealed by the Act of 1869-'70, ch. 58, p. 98, and was not covered by the exception in that Act relating to practice and process. We need not state the argument upon either side on this last point, for we are clearly of the opinion, that supposing section 80 of ch. 113 of the Act of 1868-'69, not to have been repealed, but to have been in force at Spring Term 1871, of Martin Superior Court, when the motion to amend was made, the defendant Winston was not then entitled of right to add to his pleas, as he moved to do The words of the Act are general, viz :

" That any executor or administrator against whom any action is pending in any Court of this State, and who has heretofore entered pleas in such action, may *hereafter*, as a matter of right and without amend strike out or change such pleas at his discretion, &c."

But it must be necessarily implied that this amendment must be made within a reasonable time after the time when the Act went into effect, which was on the first of July 1869. It cannot be supposed that the Legislature intended to give a defendant the right to change his pleas at any indefinite future time. It is easy to see that such a right might be prejudicial, and perhaps inequitable to a plaintiff even if exercised within the shortest time, and that to give it the extent contended for, would be unreasonable.

In this case, the application to put in new pleas was not made until the cause was called for trial at the fourth term, after the passage of the Act of 1868–'69. We concur with the Judge below, that the defendant had forfeited his right, and that it was discretionary with the Judge, to allow his motion or not. From the exercise of that discretion, it is needless to say, there is no appeal.

That the plaintiff was not entitled to compound interest after the death of Cotton. That exception was modified in this Court, and here the defendant only contended that the compounding should stop as to half the note upon the arrival at age of Susan Clark.

The plaintiff has remitted one half the compound interest from that date, and we are therefore not called on to give any opinion upon this question.

Thus modified, we think there is no error in the judgment below, which is accordingly affirmed.

Per Curiam.                    Judgment modified and affirmed.