M. L. DAVIS, Administrator of J. H. DAVIS *v.* C. J. FOX, Administrator of A. C. WILLIAMSON, and others.

The administrator of a deceased guardian cannot maintain an action on the bond of a clerk and master for a fund alleged to be due to the ward.

CIVIL ACTION, tried before *Logan, J.,* at the Spring Term, 1873, of the Superior Court of MECKLENBURG county.

Plaintiff's intestate, J. H. Davis, was guardian of one N. J. Lee, and during the minority of his said ward certain lands were sold by order of the Court of Equity of Mecklenburg county, and the proceeds of sale was paid into the office of the clerk and master of that Court. A. C. Williamson, the intestate of the defendant, Fox, was the clerk and master at the time, and never paid over the money belonging to the ward, either to the guardian or to any one else, for said ward. The other defendants were the sureties of the clerk and master, or the representatives of such sureties.

On the return of the summons the defendants demurred to the complaint of the plaintiff, assigning as grounds for

the demurrer that the plaintiff, as administrator, had no such right to the funds of the ward of his intestate as will authorize him to bring a suit for the recovery of those funds.

His Honor overruled the demurrer, and gave judgment for the amount due the ward and interest. From this judgment the defendant appealed.

*Jones* and *Johnston*, with whom was *Bailey*, for plaintiff:

There is a defect of parties plaintiff:

1st. The summons shows that the action is brought in the name of M. L. Davis, administrator, and not in the State's name to his use. The State "was the trustee of the express trust," "the contract of defendants was made with the State for the benefit" of those injured by its breach, C. C. P., sec. 57, and therefore the State should have been a party plaintiff. *Mebane* v. *Mebane*, 66 N. C. Rep., p. 334.

2d. If the Court be of the opinion that under C. C. P., sec. 55, that the "real party in interest" is the proper party plaintiff, then on that view, defendant says that the ward, who was of age when the suit began, is the "real party in interest," and was entitled to receive this money and release the defendants.

3d. That this money being the proceeds of the sale of the ward's interest in his fathers lands, was still considered *real estate*. *March* v. *Berrier*, 6 Ired. Eq., p. 524, and the administrator of the guardian was not entitled to it. *Bateman* v. *Latham*, 3 Jones Eq. 35.

The administrator only takes those things in which his testator or intestate had a beneficial or absolute interest in, and which he would be bound to apply as personal estate. Ired. Ex'rs, p. 483, 474, 570, 579, and notes; Williams on Ex'rs, p. 1,514, 1,515; *Williams* v. *Maclain*, 1 Ired. Eq. 92.

4th. The judgment of the Court was *quod recuperet*, when

it should have been *respondeat ouster.* It is submitted that the Act of 1871–'72, chap. 173, amending, sec. 131, C. C. P., restores the rules of equity pleading, and alters the construction given to sec. 131, in the case of *Ransom* v. *McLeese,* 64 N. C. Rep., p. 17.

*Dowd,* contra :

1. A demurrer for want of title in plaintiff, or of "legal right to sue," will not be sustained unless the want of such title, or "legal right to sue," appear on the face of the complaint. See *Bank of Charlotte* v. *Britton,* 66 N. C. Rep. 365, *non constat,* but that plaintiff's intestate may have settled with his ward, and thus become the real and only party in interest ; and this he may show on the trial.

2. But the action is properly brought, even if it appeared affirmatively that plaintiff's intestate was only interested as guardian, entitled to commissions, or liable for negligence. *Biggs* v. *Williams,* 66 N. C. Rep. 427; *Mebane* v. *Mebane,* Ibid. 334; *Davidson* v. *Elms,* 67 N. C. Rep. 427; C C. P., sec. 57.

3. The demurrer being over-ruled on its merits, it was discretionary with the presiding Judge to allow the defendant to answer, notwithstanding Acts 1870–'71, chap. 173. That Act substitutes *shall* for *may,* but does not erase the word *discretion ;* the act as amended reads *shall in his discretion*: which still leaves it very properly in the breast of the Judge to say whether the defendant may plead according to the circumstances of the case, as for instance whether defendant's attorney will state upon honor that he has a substantial defence, &c.

4. The defendant cannot have costs in this Court if he was, or yet is entitled to answer, because he did not ask to be allowed to answer. It was not error to render judgment if the defendant did not ask leave to answer. *Mebane* v. *Mebane, supra.*

PEARSON, C. J. We are of opinion that the first exception of the defendant to the ruling below, is well taken, to-wit: The plaintiff as administrator of the deceased guardian, cannot maintain an action on the bond of the clerk and master for a fund alleged to be due to the ward. The action should be brought by the ward if she be now of age, or in her name by a second guardian, if she is still a minor. The administrator of the deceased guardian has no interest or concern with the fund, for which the clerk and master in equity and his sureties may be liable. The matter which concerns him, is to have a settlement in regard to the money received by his intestate as guardian, in which settlement will, of course, be included commissions, vouchers, &c. The administrator cannot maintain an action for a fund that his intestate ought to have collected. On payment of the amount he will have an equity, to be allowed to sue in the name of the ward, in order to have indemnity out of the bond of the clerk and master, but until such payment, he has no *status* in a Court of law or equity, except as the representative of a guardian who was in default.

Error ; this will be certified.

The other exceptions are not noticed, as they may be cured by amendment.

PER CURIAM.              Judgment reversed.