SETZER and RHODES, Adm'rs v. J. G. LEWIS, Adm'r, et al.

An action commenced before the adoption of the C. C. P. in the name of an administrator *de bonis non* on a bond given to the first administrator as such, may be sustained, although such administrator *de bonis non* has paid it over to one of the next of kin of the intestate in a settlement of the estate with him, and has taken his receipt therefor.

The case of *Eure* v. *Eure*, 3 Dev. 206, cited and approved.

This was an ACTION OF DEBT brought before the adoption of the C. C. P., and tried at the Spring Term, 1873, of the Superior Court of the county of GASTON, before his Honor, *Logan, J.*

On the trial the plaintiffs had a verdict and judgment, and the defendants appealed. The facts of the case are sufficiently stated in the opinion of the Court.

*W. P. Bynum* and *Schenck,* for the defendants.
*Busbee & Busbee* and *J. H. Wilson,* for the plaintiffs.

SETTLE, J.    This action was brought in 1867, before the adoption of the Code of Civil Procedure, by Sitzer and Rhodes, the administrators *de bonis non* of Peter Rhyne, upon a bond given to Daniel Rhyne, deceased, as executor of Peter Rhyne.

It appears from the record that Setzer and Rhodes, into whose hands the bond had fallen upon the death of Daniel Rhyne, the executor, had delivered the same, without indorsement to Barbara Froneberger, a daughter and distributee of Peter Rhyne, before this suit was brought as a payment of her distributive share of said Peter Rhyne's estate, and took her receipt for the amount thereof as a voucher, which they used in the settlement of the estate of Peter Rhyne.

The defendants contends that the bond sued on having been distributed as cash, it amounted to an administration thereof so far as Peter Rhyne's estate is concerned, and that therefore the plaintiffs had no right to bring the action.

We do not regard the question as an open one.    It is fully discussed in *Eure* v. *Eure,* 3 Dev. 206, and decided adversely to the views of the defendants.    It is true there is a very able dissenting opinion in that case by RUFFIN, J., but we are not inclined to disturb a decision which is in consonance with reason, and has met, as we believe, with the approbation of the profession.    The counsel for the defendants attempted to distinguish this case from *Eure* v. *Eure, supra.,* upon the ground that this bond had been administered, and no longer constituted a part of Peter Rhyne's estate.

It is true that the administrators *de bonis non* had passed the bond to Barbara Froneberger and taken her receipt for the same as cash, and the administrators *de bonis non* became trustees for her, and there was a tacit condition annexed to

the transfer that Barbara Froneberger should have the use of their names for the collection of the same.

They had received the benefit of her receipt in the settlement of the estate of Peter Rhyne, and on the other hand she was to have the use of their names to enforce this evidence of a debt which she had received from them.

Had they attempted to dismiss the suit, a Court of Equity would have enjoined them from so doing, and compelled them to allow the use of their names.

A further discussion of the matter and a review of the authorities *pro* and *con* would be of no practical use, since the Code of Civil Proceedure, title V, has declared who shall be the parties to every civil action.

There is no error.   This will be certified, &c.

PER CURIAM.                    Judgment affirmed.