S. P. ALEXANDER, Adm'r, v. MARY E. WRISTON. Ex'x.

*Executors and Administrators—Guardian and Ward—Trust Funds.*

An administrator of a deceased guardian cannot maintain an action to collect a note made payable to his intestate as guardian, unless it be shown that the money due thereon had become the property of the intestate's estate upon a final settlement with his wards.

(*Rankin* v. *Allison*, 64 N. C., 673; *Biggs* v. *Williams*, 63 N. C., 427; *Mebane* v. *Mebane*, *Ibid*, 334; *Abrams* v. *Oureton*, 74 N. C, 523; *Davis* v. *Fox*, 69 N. C., 435, cited and approved )

CIVIL ACTION tried at Spring Term, 1879, of MECKLENBURG Superior Court, before *Kerr, J.*

This action was brought by the plaintiff as administrator of John M. Springs, deceased, to recover the amount alleged to be due upon a note made by M. L. Wriston, the defendant's testator, to the plaintiff's intestate. It was admitted upon the trial that the note was made payable to J. M. Springs, as guardian of Richard A. Springs and other minors; but the plaintiff alleged that since his qualification as administrator, he had paid to the wards of his intestate the amount of the note, and insisted that it had thereby become

a part of the assets of his intestate's estate, and could be recovered without any other proof than that the note was payable to his intestate as guardian. The court held that it was competent for plaintiff to show he had accounted to said wards for the amount of the note, but in the absence of such proof he could not recover. In deference to this opinion the plaintiff with defendant's consent took a nonsuit and appealed.

*Messrs. Wilson & Son,* for plaintiff :

A trustee of an express trust may sue either with or without joining his *cestui que trust.* *Mebane* v. *Mebane,* 66 N. C., 334; *Davidson* v. *Elms,* 67 N. C., 228 ; *Rankin* v. *Allison,* 64 N. C., 673. The survivor of two joint guardians may sue on a note payable to them as such guardians, and on the death of such survivor *pendente lite,* the suit is properly revived in the name of his personal representative, as executor or trustee of an express trust. *Biggs* v. *Williams,* 66 N. C., 427. An objection for want of proper parties should be taken by demurrer. *Davidson* v. *Elms, supra ;* C. C. P., § 95.

*Messrs. Jones & Johnston,* for defendant :

The plaintiff as administrator of deceased guardian cannot maintain this action. *Davis* v. *Fox,* 69 N. C., 435. The rule is settled that whenever the money recovered will be assets, the executor may sue and recover it in his representative character. Iredell on Ex., 483, citing *Crowell* v. *Watts,* 6 East., 410. Absolute property must vest in testator to make it assets ; therefore if testator takes a bond as trustee and dies, this is not assets. *Ibid.,* 579, citing *Deering* v. *Farrington,* 1 Salk., 79. The exception in section 57 of the code is in favor of the "trustee of an express trust," but does not include the personal representative of such trustee; but the rule laid down in section 55 is explicit that the action *must* be brought in the name of the real party in interest.

ALEXANDER *v.* WRISTON.

SMITH, C. J. The plaintiff's intestate, J. M. Springs, while guardian to the four infant children of Alexander Springs, as part of the trust estate in his hands, took from the defendant his bond as follows:

$793.85. One day after date I promise to pay J. M. Springs, guardian, seven hundred and ninety-three $\frac{85}{100}$ dollars, for value received. M. L. WRISTON, [seal.]
Nov. 18, 1865.

This bond after his death was found among the intestate's papers, and the plaintiff, as his administrator, brought this action to recover the money due thereon. The plaintiff offered no evidence of any settlement of the trust, or that this bond had been accounted for to the infants, and insisted upon his right of recovery, as representing the intestate obligee, to whom, though in a fiduciary character, the money was payable. The court intimated an opinion that upon this showing the bond belonged to the infants and the action could not be maintained by the plaintiff. In deference to this opinion the plaintiff, with the defendant's consent, submitted to a nonsuit and appealed.

Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section fifty-seven. C. C. P., § 55. An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another. § 57.

In the construction of these sections the court has held a guardian to be such trustee and capable of suing for the benefit of his wards, on a note endorsed to him as guardian, alone or by joining them. *Rankin* v. *Allison*, 64 N. C., 673; And a survivor of joint guardians may maintain an action

13

on a note payable to both.    *Biggs* v. *Williams,* 66 N. C., 427 ; *Mebane* v. *Mebane, Ibid.,* 334.

The pervading feature of the new system is that the action shall be brought in the name of the person who is entitled to the fruits of the recovery.    Thus when a note was endorsed to the plaintiff, under a contemporary contract of the en- dorsee to collect and pay over the proceeds to the endorser, after retaining a reasonable compensation for his services, it was decided that the plaintiff could not recover in his own name, he not being "the real party in interest."    *Abrams* v. *Cureton,* 74 N. C., 523.

There is no doubt the action would have been well brought in case the money due on the note had become the property of the intestate's estate, through a settlement and account- ing for the entire trust fund ; but as this does not appear, the interest in the note and the right to receive the money belong exclusively to the infants.    It is a part of their estate as much so as a distinct article of personal property would be, though the guardian may be also liable for the mis- management of the funds.    At the intestate's death, there was no trustee of an express trust within the meaning of the code, and the plaintiff's appointment is for the purpose of administering the intestate's estate, not the trust funds he held in his hands.    *Davis* v. *Fox,* 69 N. C., 435.    These are to be delivered over to the succeeding trustee, or the person in interest if arrived at full age.    The administrator collects the assets of his intestate, pays his debts, and dis- tributes under the law to those entitled.    The proceeds of this note cannot be thus applied, and the administrator incurs no personal liability in respect thereto upon which his bond could be charged.

We think it, therefore, to be clear that the death of the guardian terminated his relation to the infants as trustee, and that relation is not resumed by his administrator.    The case, therefore, falls within the section of the code first

recited, and the plaintiff not being the real party in interest, and failing to show any title in his intestate to the money, cannot maintain the action, and the non-suit was proper.

No error. Affirmed.