W. J. ROGERS, Adm'r, *v.* J. T. GOOCH, Adm'r.

*Executors and Administrators—Parties.*

An executor or administrator must sue, upon causes of action to which the estate is the real party in interest, in his representative capacity. (The suit on the bond in this case should have been brought by the administrator *d. b. n.* of the testatrix, to whose estate it belongs, and not by the administrator of her executor.)

(*Eure* v. *Eure*, 3 Dev., 206; *Setzer* v. *Lewis*, 69 N. C., 133; *Davis* v. *Fox*, *Ib.*, 435; *Alexander* v. *Wriston*, 81 N. C., 191; *Whedbee* v. *Reddick*, 79 N. C., 521, cited and approved.)

CIVIL ACTION tried at November Special Term, 1881, of HALIFAX Superior Court, before *Gilmer, J.*

This action is brought for the recovery of a sum of money due upon a bond, and the only question is as to the right of the plaintiff to maintain the action.

The facts are : Eliza A. Phillips died prior to the year 1860, leaving a will of which one J. M. S. Rogers was appointed and qualified as the executor. On the 22d day of May, 1860, he sold the personalty belonging to the estate of his testatrix upon a credit of six months, and one Virginia A. Johnson, who as a legatee under her will was entitled to one-ninth of her estate, became the purchaser of a portion of it, to the amount of two hundred and ninety $\frac{65}{100}$ dollars, and gave the bond sued on therefor, with one John J. Long as her surety—the same being made papable to Rogers *as executor*.

Both Mrs. Johnson and her surety, Long, are dead, and the defendant is the administrator of each of them. The executor, J. M. S. Rogers, died in 1874, and the plaintiff is his administrator. In 1876, James W. Grant qualified as the administrator *de bonis non* upon the estate of Eliza A. Phillips, and soon thereafter commenced an action against the plaintiff, as administrator of J. M. S. Rogers, for an account and settlement of the estate of Eliza A. Phil-

lips,· and at fall term, 1878, recovered judgment for the sum of $5,182.04, but no part of the same has ever been paid.

In taking the account in said action the plaintiff, as the administrator of said J. M.,S. Rogers, was charged with the full amount of the proceeds of all the personalty sold, including that portion sold to Mrs. Johnson, and for which the bond sued on was given.

The said Grant, as the administrator *de bonis non*, afterwards brought a suit in the name of himself and all other creditors of J. M. S. Rogers against his administrator and heirs at law, seeking to subject his real estate, as well as his personal effects, to the payment of his debts, which action is still pending.

No part of the legacy to Mrs. Johnson has ever been paid.

Upon the foregoing facts the judge below was of the opin- that the plaintiff could not maintain the action, and accordingly gave judgment for the defendant, and thereupon the plaintiff appealed.

*Messrs. Mullen & Moore* and *W. C. Bowen*, for plaintiff.
*Messrs. R. B. Peebles* and *Day & Zollicoffer*, for defendant.

RUFFIN, J. The effect of the judgment, which Grant as administrator *de bonis non* recovered against the plaintiff as the representative of the deceased executor, Rogers, could not be to convert the whole of the Phillips estate, including the bond sued on, then in the hands of the plaintiff, into assets belonging to the estate of his intestate, even though it may have been for an amount equal to the full value of all the property sold and all assets that ever came to hand. Nothing short of a satisfaction of that judgment, full and complete, can have that effect, for until then, the estate of Rogers has been out nothing on account of these assets.

· We think it clear, therefore, that the bond sued on together with the other property, in the plaintiff's hands, once

belonging to the estate of Mrs. Phillips, continues to be a part of her estate, and can only be administered by her personal representative; and that under such circumstances, her administrator *de bonis non* must sue. And indeed that he is the only person who can sue on the bond, is now the settled law of the state, sanctioned by a series of decisions which it must be needless to add to. See *Eure* v. *Eure*, 3 Dev., 206; *Setzer* v. *Lewis*, 69 N. C., 133; *Davis* v. *Fox*, *Ib.*, 435, and *Alexander* v. *Wriston*, 81 N. C., 191.

If not altogether certain before, it is made absolutely so by the act of 1868 (Bat. Rev. ch. 45, § 130) taken in connection with section 55 of the Code of Civil Procedure.

The provision of the statute is that every action brought by an executor or administrator, upon a cause of action, or right, to which the estate is the real party in interest, shall be brought in his representative capacity, and under the Code there is no middle ground; for whenever the action can be brought in the name of the real party in interest, *it must be so done.*

We take the liberty of suggesting that the plaintiff might have avoided useless litigation, and have accomplished his purpose, and in fact may yet do so, by making the defendant a party to the action now pending between the administrator *de bonis non* and himself, so that all the parties being before the court, the interest of Mrs. Johnson, as a legatee, and her liability upon the bond may be properly adjusted and *pro tanto* discharged, the one by the other.

That her estate ought not to be called upon to pay the bond, while her legacy remains unpaid, provided there be assets sufficient to entitle her to receive so much, is settled by the decision in *Whedbee* v. *Reddick*, 77 N. C., 521.

The present action, however, must fail, because the title to the bond sued on is not in the plaintiff, nor is the estate of his intestate the real party in interest.

No error. Affirmed.