*THOMAS D. HOLLY AND D. BELL, Exrs v. SALLIE D HOLLY et als.

### Will, Construction of—Negotiable Note, Presumptiyn of Ownership—Rents—Reversion.

1. By his will the testator bequeathed as follows: "I hereby give, remise and leave to my brother W. J. H., all claims and demands of whatever kind I may have against him at my death;" Held, that this bequest did not embrace two notes which were found among the testator's papers at his death, executed by G. W. W., payable to W. J. H , and not endorsed.

2. The possession of an unendorsed negotiable note, raises a presumption of fact as between the holder and payor, that the holder is the owner. But this presumption does not arise as between the holder and the payee, who has the legal title.

3. Another clause of the will was as follows: "I give and devise my Willow Branch farm and fishery * * * * to my nephew T. D. H., his heirs and assigns." The testator before his death leased the fishery by articles inter partes to J. W. and J. M., for two years, with a right to the lessees to continue the lease for five years, they agreeing to pay an annual rent of $500—the payments to be made 1st of June of each year. No separate bond was taken for the rent of each year; Held, that the rent which became due after the death of the testator followed the reversion to the devisee.

(Andrews v. McDaniel, 68 N. C., 385; Alexander v. Wriston, 81 N. C., 191; Jackson v. Love, 82 N. C., 405; Kornegay v. Collier, 65 N. C., 69; Rogers v. McKenzie, Ibid., 218; Mixon v. Coffield, 2 Ired., 301, and Robertson v. Dunn, 87 N. C., 191, cited and approved).

CIVIL ACTION, tried at Fall Term, 1885, of the Superior Court for BERTIE county before Connor, Judge.

The facts were as follows:

The purpose of this action, is to have certain clauses of the will of Augustus Holly, deceased, construed. It appears that he died on the 27th day of May, 1882, leaving a last will and testament, which was duly proven.

Sundry bequests are made by the will, and among them one in the following words:

8. "I hereby give, devise and leave, to my brother, William J. Holly, all claims and demands of whatever kind I may have against him at my death."

*SMITH, C. J., did not sit at the hearing of this case.

At the time of the death of the testator, he had in his posses-
sion two single bonds—one of $500, and the other for $1,000;
each executed by George W. Womble, and made payable to
William J. Holly. The latter claims these bonds as his prop-
erty.

The case upon appeal for this Court, states that the following
issue was submitted to the jury:

"Were the Womble notes, described in the complaint, the
property of Wm. J. Holly at the death of Augustus Holly?"

"Upon this issue, the plaintiff introduced the notes themselves,
under seal, payable to Wm. J. Holly or order, not endorsed, but
which it was admitted were found by the executors of Augustus
Holly, at his death, among his papers. The will of the said
Augustus Holly was also in evidence. No other evidence was
before the Court. Upon this evidence, the Court instructed the
jury to find the said issue in the affirmative."

To the instruction thus given, the residuary legatee excepted.

The fourteenth clause of the will is as follows:

14. "I give and devise my Willow Branch farm and fishery,
and my Union Mill and mill site, and my lands known as Piny
Woods Lands, to my nephew, Thomas Holly, his heirs and
assigns."

Before his death on the 25th day of October, 1881, the testa-
tor, by articles of agreement *inter-partes*, leased to John Wilson
and Josiah Mizell, the "Willow Branch Fishery," mentioned in
the devise above set forth, for the term of two years, with the
right in the lessees to continue the lease for five years, and the
lessees, on their part, stipulated to pay an annual rent of $500,
the first payment to be made on the first day of June, 1882, and
the subsequent rents to be paid in June of each succeeding year
during the lease, but no separate bond or note was taken for the
rent so agreed to be paid. The rent for the first year was paid
before it was due, to the testator, in his lifetime.

The devisee named, insisted that the rents mentioned in the
lease, went with the land, and came to him as part of the rever-

sion, by virtue of the devise. The Court so held, and the residuary legatee excepted.

The Court advised and directed, that the bonds mentioned belonged to William J. Holly, and that the rent for the Fishery passed to the devisee, Thomas D. Holly, and the residuary legatee appealed to this Court.

*Mr. John Gatling*, for plaintiff.
No counsel for defendant.

MERRIMON, J., (after stating the case). The case states, that the notes under seal in question, payable to William J. Holly or order, and unendorsed, were found among the papers of the testator at the time of his death, and this and the will, constitute all the evidence in respect to the ownership of them before us, and all that we are at liberty to consider in passing upon the first exception of the appellants.

In view of the evidence, the terms of the bequest recited above do not embrace these bonds. They did not, upon their face, nor in any legal or equitable aspect of them, constitute any claim or demand, in whole or in part, of any kind, in favor of the testotor, and against William J. Holly. So far as appears, they were made payable to him or his order, but he did not endorse them, nor did he promise or oblige himself to become responsible for, or to pay them, or any part of them, in any contingency, nor is there any presumption that he did. Of themselves, they constitute no claim against him. The bequest embraces only " claims and demands " against him. He is not, therefore, entitled to the bonds as part of the bequest to him.

Then, did the bonds belong to the estate of the testator? Accepting the evidence as true, this question must be answered in the negative. The testator was *prima facie* the owner of them, except as against the payee who held the legal title to them. *Robertson* v. *Dunn*, 87 N. C., 191.

Unquestionably, the complete equitable title to, and the substantial ownership of, a note or bond, negotiable by endorsement, may, without endorsement, be passed by the payee or obligee, to another person, by a sale and delivery thereof, and in this State, the purchaser thus becomes so thoroughly the owner, that an action upon the note or bond so transferred, can only be maintained in the name of the real or equitable owner. The Code, §177. *Andrews* v. *McDaniel*, 68 N. C., 385 ; *Alexander* v. *Wriston*, 81 N. C., 191.

As the substantial interest in the note or bond may thus pass to the purchaser without endorsement, and he may collect it without action, or sue for the same in his own name, or sell it again, and it may thus be sold to different persons indefinitely, a just and reasonable presumption of fact arises, that the person in possession of it, is the substantial and equitable owner thereof. Such presumption is not conclusive, but it is sufficiently strong to put the person claiming it adversely to him in possession thereof, to proof to rebut the presumption, except that this does not extend to him to whom it was made payable, and who, therefore, in the absence of endorsement holds the legal title. The possession and claim is evidence of ownership.

Such a presumption seems necessary and expedient, under the present method of civil procedure in this State, which requires civil actions generally, to be prosecuted in the name of the real party in interest, and that the legal and equitable rights of litigants shall be administered in the same action, when need be.

In *Jackson* v. *Love*, 82 N. C., 405, the Chief Justice, discussing the subject now under consideration, said : "This recognition of equitable ownership of a negotiable bond or note, as property, seems to place it upon the footing of other personal property, and admits the application of the rule, which infers title from possession, until the presumption is mét and overcome by rebutting evidence." He further said, that "the Judge in the Court below held, that the denial in the answer, of the plaintiff's title, had the effect of requiring from him, proof beyond and in addi-

43

tion to the production of the note.    In this we think he miscon-ceived the legal effect of the conflicting pleadings.    The denial destroys the force of an allegation, and puts the controverted facts in issue.    It would do the same, in case the endorser or bearer brought the action in his own name.    But in neither case is the denial evidence against, nor the plaintiff's allegation evidence for, the truth of the disputed fact, to be considered by the jury.    The issue is eliminated and presented in the form of a simple inquiry as to the plaintiff's ownership of the note in suit.    The burden of proof rests upon him, and upon the author-ities, the presumptive evidence is furnished, when the note is produced and read in support of his title.    As there was nothing shown to repel its force, the presumption should have prevailed, and the plaintiff was entitled to the verdict."    That case is very much in point here.

We therefore think the Court properly instructed, the jury to find the issue submitted to them in the affirmative.    *Prima facie*, the bonds belonged to the testator in his lifetime, except as against the payee who had the legal title.

The second exception is untenable.    The lease was for years, and in the articles of agreement creating it, the lessees expressly covenanted to pay to the lessor an "annual rent" of $500.

Obviously, it was not the intention to create a debt due from year to year, distinct from and without regard to the lease.    The latter, and the rents agreed to be paid, were of each other, and were intended to go together; the one was not distinct from the other.

In such case, it is settled, that the rents that come due after the death of the testator, follow the reversion to the devisee. *Kornegay* v. *Collier*, 65 N. C., 69; *Rogers* v. *McKenzie*, Ibid., 218; *Nixon* v. *Coffield*, 2 Ired., 301.

Let this opinion be certified to the Superior Court.    *It is so ordered.*

No error.                              .                    Affirmed.