The appeals were docketed and argued separately, and the opinions were filed separately, but for convenience of reference they are reported under one title.
PLAINTIFF'S APPEAL.
The action was prosecuted by the plaintiff as administrator of Joshua Lowe, to recover possession of a note, under seal, executed by William J. Harrall to the intestate, on January 14, 1882, and due, with interest from January 1, 1881, on January 1, 1883, in the sum of four hundred dollars.
The note was given, as appears on its face, to secure the residue of the purchase money for a tract of land bought of the intestate; and the defendant being in possession and claiming it as her property, refused to surrender it on the plaintiff's demand.
During the pendency of the action the plaintiff obtained an order from the clerk, made in pursuance of § 323 of The Code, in the following terms:
"To the Sheriff of said County — Greeting:
You are hereby commanded to proceed forthwith to take into your possession from defendant in the within cause, Sallie Onley, the property described in the complaint and affidavit, and upon the plaintiff entering into good and sufficient bond of $1,000, you will deliver the same to him or his agent."
Under this process the sheriff made demand of the note, and the defendant, admitting her possession, refused to *Page 11 
surrender it. Thereupon, and on proof of these facts, his Honor, Judge Gudger, then presiding in that District, issued a rule requiring the defendant and Timothy S. Onley, her brother, who advised her not to deliver up the note until she could consult counsel, "to appear before him at Chambers, in Gatesville, on April 5th, 1886, to show cause why the said note shall not be surrendered and deposited in Court, or they attached for contempt for refusing to obey the order of the Court."
The parties did so attend and answer, and upon the hearing this order was made:
"This cause coming on to be heard this day upon plaintiff's motion against the defendant and Timothy S. Onley, of which they have had due notice, to show cause why the defendant shall not deliver to the sheriff of Pasquotank county the bond described in the original affidavit in this cause, dated ____, 1885, as required by the order of the Court of ____, 1885, or be attached for contempt of Court in refusing to obey said order, and it appearing to the Court by the admission of the respondents that defendant at the time the said sheriff demanded the bond, under said order, was in possession of the same, and had the actual control and custody thereof, but wrongfully refused to deliver the same to the said sheriff, and was actively counseled and advised so to refuse, by the respondent, Timothy S. Onley; and it further appearing and being found by the Court, that the said defendant now on the hearing of this motion, has the said bond in her possession and control, and is ordered by the Court at once to put the same in the custody of the Court, but refused and still refuses so to do; it is ordered by the Court that the said defendant, Sallie Onley, and the respondent, Timothy S. Onley, be committed to the common jail of the county of Gates, there to be held till they comply with the order of the Court, by delivering the said bond to the Court or to the said sheriff of Gates to be delivered to the Court, or until the further order of this Court. *Page 12 
It is further ordered that the respondent pay the cost of this motion."
Thereupon the defendant surrendered the bond in open Court, and it was ordered to be deposited with the clerk for safe keeping until further direction of the Court.
From the above judgment and orders the defendant appealed.
DEFENDANT'S APPEAL.
On the trial before Shipp, Judge, by consent, the following issues were submitted to the jury:
Is the plaintiff the owner of and entitled to the possession of the note or bond in controversy? To this inquiry the response was in the negative.
In support of his claim the plaintiff took the note from the officer and read it to the jury. It was unendorsed. This was the only evidence offered by him. The defendant, examined on her own behalf, testified that she had seen the note before; that it was in her possession at the commencement of the action and so remained until delivered up by the command of the Court; and that it was her own property.
The Court instructed the jury, that the note or bond being payable to Lowe, the plaintiff's intestate, and not endorsed by him, it was primafacie the property of the plaintiff, nothing else appearing, and that the defendant's possession does not raise a presumption that the note or bond is the property of the defendant.
The Court further charged the jury, that the defendant testified that the note or bond was in her possession at the institution of this action and up to the time it was taken from her and impounded in the clerk's office by order of this Court, and that she is the owner of said note or bond, and that the same is her property. The Court charged the jury it was simply a question of ownership; that to give *Page 13 
title to a note or bond an endorsement or assignment is not necessary, and that it is a matter of fact for the jury to decide, and that if the jury believe the testimony of the defendant, the plaintiff is not entitled to recover.
The plaintiff excepted to the charge, and from the judgment rendered for the defendant, appealed.
PLAINTIFF'S APPEAL.
The instruction complained of is in entire accord with the law as declared in Holly v. Holly, 94 N.C. 670.
The appellant's counsel suggests that the defendant's testimony necessarily involves a transaction with the intestate's payee, since by his act alone could the property in the note be divested so as to pass to another; and hence it comes within the inhibition of § 590 of The Code.
To this objection the answer is obvious and direct.
I. No exception to the admission of the testimony was taken.
II. It cannot be seen that the only source of the witness's information was "a personal transaction or communication between her and the deceased."
III. The plaintiff, if he wished to have the evidence ruled out for the reason suggested, could have interrogated the witness as to the facts in a preliminary inquiry, in order to sustain his proposed exclusion should it be that the only knowledge or information possessed by the witnesses was derived from personal intercourse with the deceased. Lockhart v. Bell,86 N.C. 449, and same case 90 N.C. 499; Sikes v. Parker, 95 N.C. 232. *Page 14 
It must be declared that there is no error in the ruling, and the judgment restoring the note to the defendant must be affirmed.
No error. Affirmed.
DEFENDANT'S APPEAL.
Without adverting particularly to the question discussed by appellant's counsel, whether the refusal to accede to the sheriff's demand of the note was in strictness a contempt as offering a resistance wilfully to a lawful process of the Court, The Code, § 648, paragraph four, the order for the surrender of the note, at the hearing, disobeyed while it was in the power of the appellant to comply, warranted the commitment as a means of forcing compliance; and as this result was at once obtained, the order of imprisonment was exhausted and the appellant set at liberty.
There was consequently no practical benefit to be sought by an appeal, and an abstract question only is presented, that is, as to the right of the Judge to require the surrender of the paper to the custody of an officer of the Court.
The costs, as incidental to the judgment, must follow its disposition. The appeal of the defendant, as wholly unnecessary, must be dismissed.
Dismissed.