T. T. BALLINGER, Adm'r of WILLIAM BALLINGER v. T. K. CURETON, Adm'r of GOVAN MILLS.

*Parties — Presumption — Possession — Administration — Burden of Proof.*

M. executed to "B., executor of R. B.," a bond for the payment of money; B. died and his administrator brought action for the recovery of the amount due : *Held*—

1. That B.'s administrator could not maintain the action, and that it should have been brought by the administrator *de bonis non* of R. B.

2. That while the possession of a bond, made payable to another party, will ordinarily raise a presumption, as against the obligor, that he who has that possession is the rightful owner, and will enable him to maintain an action thereon in his own name, yet where, upon the face of the instrument. it appears that the person to whom it was given took it in a fiduciary capacity, the possession by the personal representative raises no presumption that his intestate had become the owner in his individual capacity, and the burden is upon him to show affirmatively a transfer of ownership.

This was a CIVIL ACTION, tried at the Spring Term, 1889, of the Superior Court of POLK County, before *Clark, J.*

The action was brought by William Ballinger, the intestate of the plaintiff, T. T. Ballinger, to recover of the administrator of Govan Mills, one of the obligors, the amount due by virtue of the following note :

"$2,855. Twelve months after date we, or either of us, promise to pay William Ballinger, executor of Richard Ballinger, or bearer, twenty-eight hundred and fifty-five dollars, with interest from date, for value received of him, as witness our hands and seals, this October 26, 1859.

(Signed)       "GOVAN MILLS.    [SEAL.]

                     "J. A. WALKER.    [SEAL.]

                     "MR. JOS. SMITH."    [SEAL.]

William Ballinger, who brought this action, was the administrator of Richard Ballinger, and was the payee in the bond. At a subsequent term, before the complaint had been filed, William Ballinger died, and the plaintiff administered on his estate. T. K. Cureton, Sr., administrator of Govan Mills, died also, and T. K. Cureton, Jr., was appointed and qualified as administrator *de bonis non* of Govan Mills, and is now the defendant in the action.

The plaintiff alleged, in the complaint filed, " That T. T. Ballinger, administrator of William Ballinger, holds a sealed note on Govan Mills, deceased, of which the following is a copy," setting out, after said allegation, the aforesaid bond.

The plaintiff further alleged that said note "was still due and owing; had not been paid, nor any part thereof." The complaint contained no other allegation as to the real ownership of the note sued on

Evidence having been offered to prove the handwriting of Govan Mills, the bond was admitted and read in evidence. The plaintiff then offered in evidence the following indorsement, to-wit: "Paid to Bobo & Carlyle, attorneys for Wm. Ballinger, on this debt, three hundred and forty-six $\frac{9}{100}$ dollars.  14th June, 1879 "

T. M. TRIMMER, <em>Clerk.</em>  [SEAL.]

The plaintiff offered evidence of Capt. Carlyle, who testified that he was one of the firm of Bobo & Carlyle, who had had the note mentioned in the pleading in their hands for collection; that the creditor, Richard Ballinger, and his executor, Wm. Ballinger, and also all the obligors, were citizens of the State of South Carolina, and all of them were dead except Smith; that he was well acquainted with the handwriting of Govan Mills, deceased; that the signa-

ture of said Mills to said note was in Govan Mills' proper handwriting; that he was also well acquainted with T. M. Trimmer and with his handwriting; that said Trimmer was Clerk of the Court of Spartanburg County, South Carolina, at the date of the entry on the back of said note of the credit for $346.09; that said entry and signature were all in the proper handwriting of said T. M. Trimmer; that the firm of Bobo & Carlyle had, at one time, this identical note in their hands for collection, and at the time the credit was given, and he, as attorney, received the amount stated of $346.09, as a payment on said note at the time mentioned, and that the credit was a *bona fide* credit.

The plaintiff thereupon rested his case.

The Court stated to plaintiff's counsel that, as his own evidence showed that the bond was due to Richard Ballinger, creditor, and was held by "Wm. Ballinger, as his executor," the administrator *de bonis non* of Richard Ballinger would be the party to bring the action, and not the administrator of Wm. Ballinger, as the evidence thus stood, and remarked that counsel could, if he chose, take a nonsuit and appeal, if he so desired. Counsel declined to take a nonsuit. The Court directed the jury, upon the evidence, to answer the issue submitted, *i. e.*, Is defendant indebted to plaintiff, if so, how much? in the negative, and gave judgment accordingly.

Appeal by plaintiff.

*Messrs. T. P. Devereux* and *W. A. Hoke*, for the plaintiff.
*Messrs. J. A. Forney, W. H. Baily, M. H. Justice* and *W. J. Montgomery*, for the defendant.

AVERY, J.—after stating the facts: The administrator of William Ballinger is not entitled to recover unless his intes-

tate had a good cause of action when he sued out the original summons. William Ballinger held the note which, upon its face, was made payable to him as executor of Richard Ballinger. There is no presumption of law arising from possession that he held in his individual right rather than in his fiduciary capacity, when the express terms of the instrument show that he received it as executor, and neither the allegations of the complaint nor the evidence tends to prove that the legal or equitable right passed to him, personally, by reason of any settlement recognized by law as valid. If plaintiff's intestate had held a negotiable bond, payable to any person other than his testator, Richard Ballinger, or himself, as his executor, then, in the absence of proof of any such relation to the obligee as that growing out of the trust in this case, the presumption would have arisen in an action brought by him against the obligor that he was the real party in interest and entitled to recover the sum due; but the burden was on the plaintiff to show affirmatively a transfer of ownership of the note from himself, as personal representative, to him individually. The rule applicable in this case was laid down by Justice RUFFIN, for the Court, in *Rogers* v. *Gooch,* 87 N. C., 442. "The provision of the statute (Bat. Rev., ch. 45, § 130; *The Code,* § 1511) is, that every action brought by an executor or administrator upon a cause of action or right to which the estate is party in interest shall be brought in his representative capacity, and, under *The Code,* there is no middle ground, for, whenever the action can be brought in the name of the real party in interest, *it must be so done.*" In that case the Court, after citing *Eure* v. *Eure,* 3 Dev., 203; *Setzer* v. *Lewis,* 69 N. C., 133; *Davis* v. *Fox, ibid.,* 435, and *Alexander* v. *Wriston,* 81 N. C., 191, say that, if it was not altogether certain before, it is made absolutely certain now by the statute already mentioned and

section 55, C. C. P. (*The Code*, § 177), that an action on such a note could only be maintained by an administrator *de bonis non* of the testator.

This case is readily distinguishable from that of *Holly* v. *Holly*, 94 N. C., 670. Indeed, the principle decided there sustains the view we have stated. The facts in that case were, that Augustus J. Holly held, at the time of his death, two notes executed by G. W. Womble and payable to his brother, W. J. Holly, not endorsed by said payee. The Court held that the presumption of ownership would have arisen in an action brought by A. J. Holly, or his executor, against Womble, the obligor, but not as against the obligee, and that the mere possession gave rise to no presumption of an assignment of the notes by the obligee to the holder. The Court cited with approval the case of *Robertson* v. *Dunn*, 87 N. C., 191, in which the same rule is laid down. But, in this case, the intestate of plaintiff did not hold a bond in which another was named as obligee, but one which was payable, by its terms, to himself as executor, and he cannot rely on a presumption of law to contradict the instrument, when he offers no explanation. When the facts in any case are known, or admitted, and are inconsistent with a presumption raised by law in the absence of evidence, it has been held by the Courts that such presumption is rebutted. *Doggett* v. *Railroad Co.*, 81 N. C., 459.

It appearing from the face of the note that, when executed, it constituted a part of the trust fund held by William Ballinger, as executor, he was required by *The Code*, § 1511, to sue for it in his representative capacity, and cannot now avail himself of a presumption that arises only in the absence of such direct proof of ownership.

In *Rogers* v. *Gooch*, *supra*, the administrator of a personal representative was not permitted to maintain an action in his own name on a bond that was not allowed the latter as

a credit, and the amount of which was charged to him in an action against him for settlement of the estate. He had not paid the amount with which he had been declared chargeable, and it was, therefore, decided that the action must be maintained by the administrator *de bonis non* of Mrs: Phillips, and not by the administrator of her executor, Rogers, who was the payee, in his fiduciary capacity, named in the note. That case is, therefore, exactly in point. This action should have been brought by an administrator *de bonis non* of Richard Ballinger.

Affirmed.