JOEL TRIPLETT v. JOHN T. FOSTER.

*Action to Foreclose Mortgage—Ownership of Notes—Statute of Limitations.*

1. When, in an action to foreclose a mortgage given to secure notes assigned to plaintiffs, the answer did not state facts sufficient to amount to a plea of illegality or fraud in the inception or transfer of the notes, and there was no evidence tending to support such a defence, the production of the notes by the plaintiff was *prima facie* evidence of ownership, and it devolved on defendant to rebut the presumption.

2. The statute of limitations on a mortgage begins to run from the maturity and not from the date of the notes which it secures.

CIVIL ACTION for foreclosure of a mortgage, tried at Fall Term, 1893, of WILKES Superior Court, before *Winston, J.,* and a jury. The issues submitted to the jury and responses were as follows:

1. " Is the defendant indebted to the plaintiff, and if so, in what amount?"    Ans. " Yes, according to prayer of complaint."

2. " Is the plaintiff's cause of action barred by the statute of limitations? "    Ans. " No."

3. " Is the plaintiff the owner of the notes sued on?"    (The third issue is excluded and covered by the first issue.)

4. " Is the plaintiff's cause of action for the foreclosure of the mortgage described in the pleadings barred by the statute of limitations?"    Ans. " No."

The plaintiff introduced in evidence notes, and mortgage securing the same, made to Joel F. Ferguson. The date of the maturity of the last note was January 2, 1886. The mortgage was dated January 2, 1882. There was evidence of the assignment of the notes and mortgage to plaintiff by Ferguson, August 10, 1892. The summons in this action was issued, dated August 22, 1892.

The defendant, John T. Foster, testified that the plaintiff, Triplett, said the notes were put into his hands or were assigned to him by Ferguson to secure a debt of $200, and said he had promised to collect, them but that he could not make any settlement without the consent of Ferguson, as part of the money was going to the latter. All this testimony was excluded by his Honor as not bearing on the issues and as not depriving the plaintiff of an affirmative answer to the issues. The defendant excepted.

The defendant offered no further testimony, and closed his case. The jury returned their verdict as above indicated, under the instructions of the Court, and the defendant excepted. There was no evidence of fraud, collusion, or payment. From a judgment for the plaintiff the defendant appealed.

*Messrs. Cranor & Buxton* and *C. B. Watson* for plaintiff.
*W. W. Barber* for defendant (appellant).

SHEPHERD, C. J.: The answer does not state facts sufficient to amount to a plea of illegality or fraud in the inception or the transfer of the notes sued upon, nor is there any evidence tending to sustain such a defence. This being so, the production of the notes by the plaintiff was *prima facie* evidence of ownership, and it devolved upon the defendant to rebut the presumption. *Jackson* v. *Love*, 82 N. C., 405; *Holly* v. *Holly*, 94 N. C., 670; *Ballinger* v. *Cureton*, 104 N. C., 474; *Bank* v. *Burgwyn*, 108 N. C., 62. Apart from this, however, the evidence of the defendant, who was examined in his own behalf, shows that the payee of the notes transferred them to the plaintiff as collateral security. This gave the plaintiff a right to maintain the action. There was no error, therefore, in the charge of the Court as to the third issue. Neither is there error in holding that the notes were not barred by the statute of limitations. The statute commenced to run not

from the date of the execution, but from the maturity of the said notes.

Upon the whole record we think there is no error.

Affirmed.