LYMAN et al. v. WARNER et al.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

No. 420.

1. LIMITATIONS—PARTIAL PAYMENT—ACKNOWLEDGMENT.

Payment of interest on a note within three years prior to action thereon is an acknowledgment of indebtedness, taking it out of the bar of the statute.

2. CONTINUANCE—DISCRETION—REVIEW.

Refusal to grant continuance cannot be reviewed, in the absence of a showing of abuse of discretion.

3. NOTE—ENFORCEMENT BY PURCHASER.

A purchaser of a note for a valuable consideration may enforce its collection, though there was no indorsement or transfer of it.

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

Charles Price (F. A. Sondley, on the brief), for plaintiffs in error.

James H. Merrimon and Walter B. Gwyn (J. Gibbon Merrimon, on the brief), for defendants in error.

Before SIMONTON, Circuit Judge, and JACKSON and PURNELL, District Judges.

JACKSON, District Judge. The defendants in error (the plaintiffs below) instituted their action against the plaintiffs in error (the defendants below), and alleged in their complaint that on the 19th day of October, 1894, A. H. Lyman and C. E. Lyman, defendants below, made and executed their promissory note, in writing, dated the 19th day of October, 1894, payable one year after date; that afterwards Mary E. Blakemore, to whom the note was executed, made and delivered the said note to B. F. Whitman, who likewise indorsed and delivered the same to Cornelia Blakemore Warner, for value, who was the owner and holder of the said note at the commencement of this action, no part of which has been paid to the plaintiffs. The defendants, A. H. Lyman and C. E. Lyman, filed their separate answers, in which they admit the execution of the note, but deny that Cornelia Blakemore Warner was at the time of the institution of this suit the holder and the owner of the note; and they also deny that there is anything due and owing by the defendants to her, and insist that the plaintiffs have no right to maintain this action, for the reason that no legal assignment or transfer of the note was ever made by Mary E. Blakemore to her. The defendants below also suggest, as a matter of defense, that the action is barred, for the reason that the right of action against them

did not accrue within three years before the commencement of this suit. The first answer to this position is that this was a question of fact, which was submitted to a jury, and they found against the defendants. The second answer is that the defendants paid the interest on this note up to April 19, 1898, within three years prior to the institution of this action. This payment of interest was an acknowledgment of the debt, and an implied promise to pay it. 19 Am. & Eng. Enc. Law (2d Ed.) 327, and the cases there cited. In North Carolina, from which state this case comes, it was held in the case of Hewlett v. Schenck, 82 N. C. 234, quoted in Bank v. Harris, 96 N. C. 118, 1 S. E. 459, that "a partial payment, though the evidence need not be in writing, being an act, and not a mere declaration, revives the liability, because it is deemed a recognition of it, and an assumption anew of the balance." As the plaintiffs in error do not appear to rely upon this defense in their briefs, and have not assigned or complained of it as an error in the proceedings of the court below, we dismiss it without further consideration.

Nine grounds have been assigned by the plaintiffs in error for the consideration of this court:

In the first assignment of errors it is claimed by the appellants that the court below erred in refusing a motion of the defendants to continue the cause, and directing the case to proceed to trial at that time. A motion for the continuance of a cause, addressed to the trial judge, is a matter that always rests in the sound discretion of the court, and is subject to review only for the abuse of his discretion. This was the rule at common law, and, so far as we are aware, the courts of this country have usually followed that rule. The supreme court of the United States, in Woods v. Young, 4 Cranch, 237, 2 L. Ed. 607, ruled "that the refusal of the court below to continue the case could not be assigned for error." This court has in all of its subsequent decisions followed that case, and as late as the case of Means v. Bank, 146 U. S. 621, 13 Sup. Ct. 186, 36 L. Ed. 1107, held that "the question whether a trial shall be postponed on account of the absence of a witness for the defendant, and the illness of one of his counsel, is a matter of sound discretion, and will not be reviewed where no abuse is shown." See, also, 4 Enc. Pl. & Prac. 901, § 2, and notes 1 and 2. As the record in this case does not disclose that the trial judge abused his discretion in refusing a continuance of this case, we are of the opinion there was no error in overruling the motion.

The eight remaining assignments of error involve substantially the same question, and rest upon the fact, as is claimed by the defendants, that the plaintiffs had no right of action for the recovery of the amount of the note upon which this action was founded. It seems to us that a very brief review and discussion of the evidence in this case must dispose of the last eight assignments of error. The evidence taken in this case was all offered by the plaintiffs below, there being no evidence offered by the defendants. What the evidence of the plaintiffs proves and what it tends to establish must be accepted as the undisputed evidence in this case upon which

the right of action depends. The evidence discloses that the two Lymans, the defendants below, borrowed from Mary E. Blakemore $3,000, payable one year after date; that when the note matured they did not pay it, but they paid the interest for some years on the note, and they finally ceased to pay the interest when they were called upon to pay the note. Some negotiations were had in reference to it. Miss Blakemore, the holder of the note, seems to have been in bad health. She gave instructions to Whitman to try and secure the payment of the note. In this Whitman failed. After the failure, the plaintiff in the action below, Cornelia Blakemore Warner, discovered that her sister was very much worried in not securing the payment of the interest, took the matter in hand, and went to Mr. Whitman and made arrangements with him to take up the note and pay it off, and held it as her own property. It appears from the evidence that B. F. Whitman, a cashier of a bank in Cleveland, and acting as an intermediary between Mary E. Blakemore, the payee and holder of the note, and the defendants, the two Lymans, made to the defendants, for Miss Blakemore, a loan of $3,000 for one year, for which they gave their joint note, upon which this action is founded; that when the note fell due it was not paid, nor was it renewed, but remained unsatisfied up to the date of the commencement of this action, though the interest was paid to April 19, 1898. It further appears that Mary E. Blakemore was in bad health, and the neglect of the obligors to pay off and discharge this obligation seemed to prey on her mind,—so much so that her sister, the plaintiff in this action, became so anxious about her sister Mary's condition that she determined to see what could be done to relieve her sister's anxiety. With this in view, she went to Mr. Whitman, the cashier. After some discussion between them, it was decided that he was to procure from Miss Blakemore the note and all the papers relating to the loan. In doing so he informed her that "arrangements had been made for the refunding of the loan." It is true that the loan was not refunded, but it is equally true that Miss Blakemore was desirous of getting the amount due her on the note paid. The note had been in the custody of Mr. Whitman for collection, for it was sent to him at Asheville for that purpose, which he failed to accomplish. When Miss Blakemore sent the note to him, she had, by her own proper indorsement, transferred the note to him, and he became vested with the legal title to it. It is true that after the note was indorsed he returned the note to her; but it is equally true that when she returned the note to him the second time the indorsement remained on the note unaltered, and by her action at that time he became the legal owner of the note, and could have maintained the action in his own name for the recovery of the amount due. After he got possession of the note the second time, he sold it to Mrs. Warner, the plaintiff in this action, for value, realizing the full amount due on the note. Upon this state of facts the defendants claim and insist that Mrs. Warner cannot maintain this action, and that she had no legal title to the note. We do not think that this defense to this action is either good in ethics or sound in law. The note was payable to

the order of the payee, and was therefore negotiable. The payee, by proper indorsement, had assigned and transferred the note to Whitman; and he, having possession of the note, transferred it, by his own proper indorsement without recourse, to the plaintiffs in this action. This case was tried before a jury, and the jury found for the plaintiffs, presumably under the direction of the court, as was decided in Thompson v. Onley, 96 N. C. 9, 1 S. E. 620, that, to give title to a note or bond, an indorsement or assignment was not necessary, and the question of the ownership was a matter of fact for the jury to decide.

The answer of A. H. Lyman to the second paragraph of the plaintiffs' complaint affirms that the indorsement on the note in question by Mary E. Blakemore was purely for the purpose of collection. No such condition is attached to the indorsement, and, under the facts proved in this case, it is evident that Mary E. Blakemore intended to give Whitman the full control of the note, in order that he might take such course as, in his judgment, would best subserve her interest and secure the money. No proof is offered by the defendants in support of this allegation in that answer, and for this reason we dismiss the further consideration of that allegation. But suppose, in point of fact, that there was no indorsement or transfer of the note to Whitman or to the plaintiffs; we think that the plaintiffs could maintain this action, even though the note had not been indorsed by the payee. It is a well-settled principle of law that, where the note is payable to bearer or to a designated person, it may be negotiated so as to pass the legal title by simple delivery, without indorsement. In this case the evidence conclusively proves that the payee of this note desired to secure the payment of it. If she received the full amount of the note from Whitman, who was the agent to collect this note, it was a matter of no legal importance, so far as she was concerned, how he secured the money for that note. What she wanted was her money; and her sister, Mrs. Warner, desiring to relieve her of her great anxiety about the payment of this note, went to her authorized agent and purchased the note for a full consideration, and thereby acquired legal ownership of the note. In support of this position we cite 4 Am. & Eng. Enc. Law (2d Ed.) 250, note, giving a long line of authorities. In any view that we can take of this case,—whether this note was transferred by proper indorsement, or whether it was transferred either with or without indorsement, we hold that the plaintiffs in this action, having purchased the note for a valuable consideration, have a right to enforce its collection; and, as we have before said, the defendants have no defense, either in ethics or in law, against the recovery of a judgment in this action.

For the reasons assigned, the judgment of the court below is affirmed.