## VANN v. EDWARDS.

(Filed March 11, 1902.)

1. APPEAL—*Case on Appeal.*

> A statement in a case on appeal that the defendant admitted claiming a note by virtue of an endorsement does not preclude defendant from urging in the supreme court that his possession of the note was *prima facie* evidence of his ownership thereof.

2. NEGOTIABLE INSTRUMENTS—*Possession—Presumptions.*

> The possession of a note by an endorsee of a married woman is *prima facie* evidence of ownership, the note having been in possession of the husband after the endorsement.

MOTION to rehear dismissed. For former decision, see 128 N. C., 425.

*Winborne & Lawrence,* for the petitioner.
*L. L. Smith,* in opposition.

MONTGOMERY, J. An opinion in this case was delivered at the February Term, 1901, and is to be found in the 128 N. C., 425. A petition to rehear was filed by the appellee and granted, and the mater is before us again for consideration. The material facts for the present purposes are these: The defendant, in 1888, executed to his mother his bond in the sum of five hundred dollars. She, in the lifetime of her husband, gave this bond to the defendant by delivery and her endorsement, but without the knowledge or consent of her husband After the mother's death the bond was in the father's possession, but after his death it was found in the defendant's. The husband of the payee, who was also the father of the defendant and payor, qualified as administrator of his deceased wife, and having died before he had fully adminis-

tered the estate, an administrator *de bonis non* was had by the plaintiff, who brought this action for the recovery of the value of the bond.

There are in the petition to rehear two alleged errors: The first is that the Court must have overlooked the statement in the case on appeal "that it was admitted by the defendant that he claimed the note by virtue of the endorsement of the same to him by his mother." We were not inadvertent to that statement, but we regarded it not as depriving the defendant of the right to use, in connection with and as a part of that claim, the legal effect of his having in his possession the note at the death of his father—the father having had possession of it after his wife's death. The record shows that the case was tried on the theory that the defendant was claiming the bond both under the gift and endorsement of the mother and the presumption of ownership by possession in himself after the mother's death and after the father had had it in his possession; for the Court permitted him to introduce evidence of his possession of the note after it had been in the hands of the father, declarations of both the mother and the father to the effect that it had been given to the defendant and that he did not owe it.

The other error alleged in the petition to rehear is that the Court held that the Judge below should have instructed the jury, "If the jury find that the note in controversy was in possession of Darius Edwards at any time after the death of Sarah F. Edwards, and prior to October, 1896, and that afterwards it was in possession of the defendant, from October, 1896, until the commencement of this action, the law presumes that such possession was lawful and that he is the owner thereof; and the burden is upon the plaintiff to satisfy the jury upon preponderance of testimony that such possession is not lawful, and unless the plaintiff so satisfies the jury, you must answer the first issue 'No.' "

The counsel cited to us the cases of *Thompson v. Onley*, 96 N. C., 9; *Holly v. Holly*, 94 N. C., 670, and *Robertson v. Dunn*, 87 N. C., 191, on the point to sustain his view of the law. Upon an examination of these cases, it will be seen that they are against his contention. It is decided in them that there is no presumption of ownership in favor of the holder of an unendorsed note against the *payee*. But the holder of the note in our case was the *payor*, and the presumption is with him.

The petition must be dismissed.