## GARNER v. COOK and Another.

PROMISSORY NOTE.—*Parties.—Evidence.*—The equitable owner of a promissory note may sue upon it in his own name, and possession of the note is evidence of such ownership.

JUSTICE OF THE PEACE.—*Pleading.*—Suit by A. and B. before a justice of the peace. The complaint was a promissory note executed by the defendant to D., without indorsement. There was no express averment that the plaintiffs owned the note.

*Held*, that this was a sufficient complaint.

BASTARDY.—*Compromise of.—Infancy of Mother.*—Answer, in a suit upon a promissory note against the maker, that the consideration of the note was the compromise of a bastardy case and that the mother, the payee, was an infant.

*Held*, that the maker could not avail himself of the minority of the payee, and there was no error in striking the allegation thereof from the answer.

*Held*, also, that if the compromise was not consummated by the proceedings in court necessary to make it obligatory, that fact should have been alleged in the answer.

APPEAL from the Warren Circuit Court.

FRAZER, J.—This cause was commenced before a justice of the peace. Mary Jane Cook and Daniel Cook were plaintiffs and Peter Garner was defendant. The complaint filed was a promissory note payable to Mary Jane Coghill executed by the defendant, was without indorsement, and there was no express averment showing that the plaintiffs

owned the note. It is contended that this was not sufficient as a complaint. We think otherwise. When *Vandagrift* v. *Tate*, 4 Blackf. 174, was decided the equitable owner of a note could not sue upon it in his own name; now he can; and the possession of the note is evidence of such ownership. Then a note papable to A. and not indorsed would show no right of action thereon in favor of B., but the law is otherwise, and therefore the reason for the ruling in the case cited does not now exist.

An answer that the consideration of the note was the compromise of a bastardy case, and that the mother of the child, the payee, was an infant, not showing whether or not satisfaction with the compromise was subsequently acknowledged by her in court, was not sufficient, and there was no error in sustaining a demurrer to it, or in first striking out a part of it. The minority of the woman was unimportant, as the defendant could not avail himself of it; and if the compromise was not consummated by the necessary proceeding in court to make it obligatory, that fact should have been alleged.

The judgment is affirmed, with costs.

*J. McCabe,* for appellant.

*L. T. Miller* and *J. Park,* for appellees.