A. J. JACKSON v. S. L. LOVE and another.

*Evidence—Presumption from Possession of Chose in Action— Real Party in Interest.*

1. The possession of an unendorsed negotiable note or bond, not payable to bearer, raises a presumption that the person producing it on the trial is the real and rightful owner, and entitled to the money due from the defendant, the promisor.

2. This presumption is not repelled or altered by a denial of the defendant, in his answer, that the plaintiff is the rightful owner of the paper declared upon.

(*Andrews* v. *McDaniel*, 68 N. C., 385; *Abrams* v. *Cureton*, 74 N. C., 523, cited and approved.)

CIVIL ACTION tried at December Special Term, 1879, of HAYWOOD Superior Court, before *Graves, J.*

The plaintiff alleging himself to be the owner brings this action to recover the amount due on a note, as follows:

One day after date we promise to pay W. W. Stringfield one thousand dollars, for value received. Witness our hands and seals this 29th Oct., 1872.

(Signed)        J. L. LOVE, [seal.]<br>R. G. A. LOVE, [seal.]

The defendants, admitting the execution, deny the plaintiff's title to the note and the moneys due thereunder. On the trial of the issue made by the pleadings, the plaintiff being in possession produced the note and read it as evidence to the jury. No other evidence was offered. The plaintiff's counsel asked the court to charge that the possession and production of the note was presumptive evidence of his ownership, and there being no rebutting testimony he was entitled to a verdict responding in the affirmative. The court declined to give the instruction, and charged that the defendants having in their answer denied the plaintiff's ownership, it devolved on the plaintiff to prove that he was the real party in interest, and no such presumption would arise. Upon this intimation the plaintiff submitted to a nonsuit and appealed.

*Messrs. Marcus Erwin* and *W. H. Malone,* for plaintiff.
*Messrs. J. L. Henry* and *A. W. Haywood,* for defendants.

SMITH, C. J. The only question presented in the record is this: Does the possession of an unendorsed negotiable note or bond raise a presumption that the person producing it is the real and rightful owner, and entitled to the moneys due from the defendants, the promisors?

It is settled upon ample authority that the possession of a note endorsed in blank or payable to bearer is presumptive evidence of title in the holder, and the rule extends to a case where there are subsequent endorsements which he may strike out. *Picruet* v. *Curtis,* 1 Sumner, 478; *Warren*

v. *Gilmore,* 15 Maine, 70; 1 Danl. Neg. Inst., § 812; Pom. on Rem. and Rem. Rights, § 140.

In *Pettie* v. *Prout,* 3 Gray, (Mass.) 542, an action was brought on a note payable to the Chester Iron Works, of which plaintiff was the general agent, " or bearer," and, with a view to use a set-off, the defendant contended that the note belonged to the company. The note was exhibited on the trial by the plaintiff, without further evidence. · SHAW, C. J., thus declared the doctrine: " When the plaintiff brings the note declared upon in his hand and offers it in evidence, this is not only evidence that he is the bearer, but also raises a presumption of fact that he is the owner, and this will stand as proof of title until other evidence is produced to control it."

This and the other decisions referred to are based upon the principles of commercial law, that govern and regulate the transfer of negotiable securities, in the interests of trade and to facilitate and render safe, dealings in such paper. Will the same inference be drawn from possession in favor of a person, not the payee, holding an unendorsed note, under the statute which requires that " every action must be prosecuted in the name of the real party in interest," with an exception inapplicable to the present case? C. C. P., § 55.

In *Andrews* v. *McDaniel,* 68 N. C., 385, it is decided that the proper plaintiff is the party in interest and not the endorsee, the legal owner, unless he is also entitled to the money due, and parol proof was admitted of the plaintiff's equitable title.

In *Abrams* v. *Cureton,* 74 N. C., 523, the plaintiff to whom the note had been endorsed was nonsuited on its being made to appear, that it was under a contemporary agreement that he should collect, retain compensation for his services, and pay over the residue to the endorser. This recognition of equitable ownership of a negotiable bond or note, as prop-

erty, seems to place it upon the footing of other personal property, and admit the application of the rule which infers title from possession, until the presumption is met and overcome by rebutting evidence. " As men generally own the personal property they possess," says Mr. GREENLEAF, "possession is presumptive proof of ownership." 1 Greenleaf Ev., § 34. " Upon the same principle," says Mr. POMEROY, " the equitable owner of a promissory note is the real party in interest within the statute, and is the proper person to sue upon it, although there may be no endorsement, and possession of the instrument is *prima facie* evidence of such ownership." Rem. and Rem. Rights, § 140. He cites in support of the proposition, *Garner* v. *Cook*, 30 Ind., 331, in which the court say : " When *Vandagrift* v. *Tate*, was decided, the equitable owner of a note could not sue upon it in his own name ; now he can ; and the *possession of the note is evidence of such ownership.*"

The judge in the court below held that the denial in the answer of the plaintiff's title, had the effect of requiring from him proof beyond and in addition to the production of the note. In this we think he misconceived the legal effect of the conflicting pleadings. The denial destroys the force of an allegation and puts the controverted fact in issue. It would do the same, in case the endorsee or bearer brought the action in his own name. But in neither case is the denial evidence against, nor the plaintiff's allegation evidence for, the truth of the disputed fact, to be considered by the jury. The issue is eliminated and presented in the form of a simple enquiry as to the plaintiff's ownership of the note in suit. The burden of proof rests upon him ; and upon the authorities, the presumptive evidence is furnished when the note is produced and read in support of his title. As there was nothing shown to repel its force, the presumption should have prevailed, and the plaintiff was entitled to the verdict. There is error in the ruling of the court, and

the judgment must be set aside and a new trial awarded, and it is so ordered. Let this be certified.

Error. *Venire de novo.*