JOHN MURPHY v. R. H. T. HARPER.

*Practice—Reference—Exceptions.*

It is not error to overrule exceptions to the report of a referee, which are immaterial or not sustained by the facts.

(*State* v. *Cheek,* 13 Ired., 114; *Jackson* v. *Love,* 82, N. C., 405, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1880, of Greene Superior Court, before *Gudger,* J.

The plaintiff sues to recover two demands, set out as separate causes of action in his complaint, to wit: $322.80, due on the defendant's note under seal, with interest from January 22d, 1878, the date of its execution; and the further sum of $74.97, for goods sold, and money paid, during the year 1878. The defendant, in his answer, admits giving the note, but alleges that it was given when a settlement of various claims, which the plaintiff then held, and enumerated in a statement made out by him and not examined by defendant, was had; and that the amount specified in the note is in excess of his then subsisting indebtedness; he asks for a reformation and correction, and to this end, that there may be a reference. An order of reference to state the account was accordingly made.

The only evidence before the referee was the testimony of

the plaintiff, and the exhibits produced by him, the first of which was a statement of the debits and credits, upon the adjustment of which the note was given for the balance found to be due; and the second, a copy of the account sued on, taken from the plaintiff's books.

The plaintiff testified that the goods and money charged in the account were all sold and delivered, and paid to the defendant, and the other persons therein named, by his direction, and at the prices affixed to each. The several items constituting this claim, were, one by one, read, and the witness stated that he recollected each one of them, apart from the fact of their entry upon the book.

Upon this evidence, the referee found, and so reported to the court, that the note was given upon a full settlement had between the parties, at its date, of all outstanding matters, and that the articles charged for the year 1878 were sold, and the money paid to the defendant, or by his order, to the others mentioned, and that the defendant's indebtedness was for the full amount specified in the note, with interest, and the further sum of $74.97 on the subsequent account; for all of which the defendant was liable, except a credit of $3.25, to which he was entitled by plaintiff's admission, in reduction of the principal money due on the note.

The defendant filed several exceptions:

1. For that the referee had not specifically reported upon the errors and overcharges alleged by the defendant in the statement of the claims for which the note was given.

2. For that the plaintiff was permitted, after objection then made, to testify to what had been entered on his book.

3. For that there was no evidence of the surrender of all the claims adjusted by the giving the new security to the defendant.

4. For that the value of the cotton delivered by the defendant is not ascertained.

5. For that the account for 1878 is not reported.

6. For that the referee permitted the items in the account to be called over, and the witness to respond to each.

The exceptions were all overruled, the report confirmed, and judgment entered for the plaintiff, from which the defendant appeals.

*Mr. H. F. Grainger,* for plaintiff.
*Mr. W. C. Munroe,* for defendant.

SMITH, C. J., after stating the case. We concur in the ruling of the court that no sufficient grounds are furnished in the facts of the case to sustain any one of the exceptions. There was no evidence to authorize the finding the errors and overcharges mentioned in the first exception, nor of the failure to deliver to the defendant the evidences of debt, for the aggregate of which the new note was given, referred to in the third exception. Proof was made of the correctness of every charge contained in the account for 1878, upon the personal recollection of the witness, and the book containing the articles entered was used only to refresh his memory, and not as original evidence. Nor do we see any reasonable objection to the reference to the written memorial of the dealings between the parties, whether it is examined by the witness or the articles are separately called to his attention. It could hardly be expected of an unaided memory to recall the particulars of which it consists. 1 Greenl. Evi. § 436; *State* v. *Cheek,* 13 Ired., 114.

The eleven bales of cotton are credited to the defendant in the first exhibit, at a value in no manner impeached, and which must, therefore, be assumed to be correct.

The exceptions are founded upon a misconception of the legal effect of the allegations contained in the answer. *They are not evidence for the defendant,* and his denials only put upon the plaintiff the necessity of proof. The plead-

ings are looked to, for the purpose of eliminating issues of controverted facts, but are not admissible as evidence, upon the trial of those issues. *Jackson* v. *Love*, 82 N. C., 405.

Upon an examination of the answer, we are not able to determine whether the validity, or amount, of the claim set out in the statement of the second cause of action, is disputed. The sixth article pronounces the second allegation of the complaint to be untrue, and if this be understood as applying to the second cause of action, it is a denial. If it means the allegations thus numbered in the statement of the causes of action, there is no such denial, as in the one case the controverted averment of non-payment, and in the other, that of the time when the indebtedness becomes due, are alone put in issue. But, assuming the denial, the referee's report fully establishes the correctness of the claim.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.