CASE 84—ORDINARY—JUNE 11, 1881.

# Gano v. McCarthy's adm'r.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. The mere possession of a promissory note is not *prima facie* evidence of ownership as against the payee or his personal representative. The burden of proof is on the claimant to show that his possession is rightful.

2. That the party in possession of the note said at the time she assigned it that she had acquired it as a gift from the payee was not compe-tent to establish the gift, nor as a part of the *res gestæ*.

MORTON & PARKER FOR APPELLANT.

1. Possession of a note is *prima facie* evidence of ownership, and a party claiming adversely to the holder must show that the posses-sion is wrongful. (Carlyle & Offutt v. Patterson, 3 Bibb, 33; Speed's ex'r v. Nelson's ex'r, 8 B. M., 502; Crosthwaite v. Mizener, MS. Op., Dec. 18, 1877.)

2. The statement made to appellant by the holder of the note, at the time she assigned it to him, that she had acquired it as a gift from her uncle, was competent as a part of the *res gestæ*. (May v. Jones, 4 Litt., 24; Shackleford v. Smith, 5 Dana, 240.)

3. As there are facts in the case conducing to prove title in appellant's assignor, the court erred in giving a peremptory instruction for appellee.

BRECKINRIDGE & SHELBY FOR APPELLEE.

1. While the mere possession of commercial paper is *prima facie* evi-dence of ownership, such is not the rule with regard to non-nego-tiable instruments. The holder must show that he is rightfully in possession. (1 Daniel on Negotiable Instruments. secs. 741 and 812; Dorn v. Parsons, 56 Mo., 601; Central Bank v. Hammett, 50 N. Y., 159; Story on Bills of Exchange, secs. 415–16: Williams on Personal Property, side page 395; Brown v. Spofford, 95 U. S. (5 Otto), 478; Bradford v. Ross, 3 Bibb, 238; Bell v. Morehead, 3 A. K. Mar., 153; Crosthwaite v. Mizener, 13 Bush, 543; Welch v. Lindo, 7 Cranch, 159.)

2. If there was any proof of title in appellant's assignor, it was only an equitable title, upon which appellant could not recover in an action at law. (Daniel on Negotiable Instruments, secs. 664 and 741; Gar-nett v. Gault, 13 B. M., 380.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In the year 1872 Samuel Devore executed and delivered his note to one Florence McCarthy for $300. McCarthy died in the year 1875, and the payor, Devore, died shortly after. Mary Straughn, a niece of the intestate McCarthy, after the latter's death, assigned this note for a valuable consideration to the appellant, R. M. Gano.

The administrator of McCarthy, Tarlton, instituted this action against the administrator of Devore, seeking to recover the amount of the debt. Devore's administrator pleaded that the estate of his intestate was owing the note, and as the administrator, he was ready and willing to pay the debt, and tendered the money into court, and further alleged that the appellant, R. M. Gano, was in possession of the note, and claimed to be the owner. He asked that the parties be compelled to interplead, and their rights determined.

Gano came into the case by his petition, in which it is alleged that the note was executed by Devore to plaintiff's intestate, and by the latter, some time prior to his death, assigned to his niece, Mary Straughn, for a valuable consideration, or delivered as a voluntary gift, and that Mary Straughn, for its full value, transferred the note to him.

The issues being made and proof heard, the court instructed the jury to find for the plaintiff, and this is assigned as the principal ground for a reversal.

There was no assignment of the note by the appellee's intestate to his niece, and the only question is, was the possession of the note under the circumstances such evidence of ownership as required the jury to pass on the issue made? We think not.

Gano v. McCarthy's adm'r.

Here was an issue directly made as to the title and own-ership of the note by the personal representative of the party to whom the note was executed and delivered. It is conceded by the pleadings and shown by the proof that the note was executed and delivered to the plaintiff's intestate, and his original title and possession being unquestioned, the burden was on the party claiming the note to show the manner in which his assignor secured title, and the mere fact of possession upon such a state of facts was not *prima facie* evidence of ownership.

That there might have been such a gift of the note, or a verbal sale of it, by the intestate to his niece, as to prevent a recovery by his personal representative, is not doubted; but such a defense must be sustained by the proof, and the law will not presume the existence of such facts from the mere possession of the note by the claimant as will deprive the owner of title. The presumption is, that the title and right to the possession is with the original owner, and the burden is on the claimant to show that his possession is rightful. The *party admitted to be the original owner* is not required to show, in addition to the title and possession in himself, that this possession he has been deprived of by the unlawful act of the defendant; but the explanation as to how the claimant derived title and possession is with the latter.

If the recognized rule of law applicable to the ownership of personal property is to be applied to a due-bill or non-commercial paper in the possession of the party claiming it, still the recovery in this case was properly denied. The possession of personal property is *prima facie* evidence of ownership; but where the party claiming to be the owner establishes his title, and the fact that he was in possession,

and the party against whom he is seeking the recovery claims to hold under him, the mere fact of possession by the claimant is not such evidence of his possession being rightful as will prevent the recovery. It would be an easy matter to deprive the owner of his property, if in such a case he is required not only to make his action good by showing title in himself, but must, in some other manner than the exhibition of his title, negative the idea that the possession of the defendant is wrongful. A sues B for the possession of his horse, and proves the original ownership and possession, and B claims to have derived title by purchase or by gift from A; now in such a case it would be an extremely dangerous doctrine that would recognize the right of property in B by presuming a sale or gift from the mere possession alone.

In this case, the fact that the niece lived with the plaintiff's intestate at his death, and that he had no children, are not circumstances authorizing the conclusion that the note was given to her. There was no assignment upon it to the niece, and the transfer by her to Gano was after the death of the intestate, and no attempt to prove that she acquired it for a valuable consideration, or that it was given to her, other than the mere possession of the paper.

The exclusion from the jury of the statements made by Mary Straughn, at the time she assigned the paper to the appellant, is also assigned for error. The appellant offered to prove that, at the time when she assigned the note, she told him that she had acquired it as a gift from her uncle. It is not claimed that it was competent for the purpose of showing the gift, but that it was a part of the *res gestæ*, and should have been admitted. If not competent to establish the gift, we cannot see how the appellant has been

prejudiced by excluding it.    That she claimed the note as belonging to her is clearly shown by the fact of her assignment and sale of it to the appellant, and that she had the possession of it at the time is admitted, and the only effect of the admission of such evidence would have been to mislead the jury.

The nature of her claim is fully set forth in her pleading, and that she claimed to hold the note in some other way is not pretended to be shown by the appellee; so there was no necessity for permitting the introduction of such proof to show the manner of her claim.    The manner of her claim fully appears, and the only question is, does the proof sustain it.

This court, in the case of Gill v. Johnson's adm'r, 1 Metcalfe, decided that possession of a note by a party who was not the payee, and held it without assignment, was *prima facie* evidence of ownership.    In that case there was no claim made by the real owner, and it was held upon a general traverse made for the non-resident defendant that the possession and production of the note was sufficient evidence of the plaintiff's equitable right; yet in that case it was said the plaintiff should have made the personal representative of the payee a party to the action.    While the law presumes ownership of personal property by reason of the possession, this presumption may be destroyed by the facts of the particular case.    Here is the naked possession of the note by a stranger, and a possession no doubt acquired in the best of faith; still it is urged that the party to whom the note was given, and to whom it was made payable and delivered, must be required to prove that he never assigned it to the party who has transferred it to the appellant.    It may well be doubted whether the presump-

tion of *bona fide* ownership from the mere possession should .apply in a case like this.

In Daniel on Negotiable Instruments, section 812, in dis-.cussing the question of title from such possession, it is said:

"But the presumption of *bona fide* ownership does not apply where the instrument is not payable to bearer, unless it be indorsed specially to the holder or in blank." (See .also Bradford v. Ross, 3 Bibb; see also Bell v. Mitchell, .3 A. K. Marshall.)

The holder, however, may waive the equitable right, and where that right* is not controverted, or if denied is not negatived by the proof, under our system of pleading we do not see why this equitable right should not be adjudged from the possession and production of the paper. In this .case it was proper to find for the plaintiff, and a verdict for .the appellant could not have been sustained.

Judgment affirmed.