## J. J. THOMPSON v. DAVID JUSTICE.

*Mortgage—Estoppel—Contract of Purchase—Equity—Officer— Proof of Signature.*

1. Vendee, under a contract of purchase and bond for title, was let into possession of land and assigned his interest to B, who subsequently mortgaged the same to the plaintiff; the plaintiff foreclosed and brought suit against the mortgagor for the possession, when the original vendor came in as a party defendant, claiming title; *Held*, (1) That the mortgagor is estopped to deny the title of the plaintiff mortgagee. (2) The plaintiff has an equitable right to a conveyance of the legal title upon payment of the balance due to the vendor.

2. It is competent to prove the handwriting and signature of a register of deeds to a certificate of registration, as *prima facie* evidence of his official character.

3. One acting in an official capacity is presumed to have been duly appointed to the office.

EJECTMENT tried at Spring Term, 1883, of DURHAM Superior Court, before *Gilmer, J.*

This action was originally brought only against the defendant, Amanda Bumpass, who was in possession of the land in controversy, but at fall term, 1882, the defendant, Justice, was allowed, upon his affidavit, to come in and defend the same.

The plaintiff, in support of his title, offered in evidence two mortgages on the land, executed to him by Henry Bumpass, now deceased, and his wife, the said Amanda. These deeds had been registered in the county of Orange, before the division of that county and the establishment of Durham county, and upon the court's allowing the signature of the register of deeds for Orange county to the certificate of registration to be proved, the defendant excepted.

The plaintiff further offered testimony to the effect that the land was sold by him under the power given in the mortgage deeds, and that Joseph Batchelor bid it off and then conveyed

to him; and contended that under this state of facts, the defendant, Amanda, was estopped to deny his title.

The defendant, Amanda, contended that the deeds were fraudulent—their execution by her having been obtained by the false and fraudulent representations of the plaintiff, who took the deeds for the benefit of her said husband.

The defendant, Justice, set up the defence that he was the legal owner of the land; that in 1875, having the legal title, he contracted to sell the land to one Kimball, to whom he gave a bond for title; and that there is still due him fifteen dollars of the purchase money. Kimball sold his interest to said Henry Bumpass.

Plaintiff offered to pay the balance of the purchase money due by Kimball (but defendant refused to receive it), and he avers that he is still willing and ready to pay the same.

The court submitted the following issues to the jury:

1. Were the mortgages under which the plaintiff claims fraudulent? Ans.—No.

2. Were they executed to plaintiff by Bumpass and wife to hold for the benefit of Bumpass? Ans.—No.

3. What amount of purchase money is still due to Justice, under his contract with Kimball? Ans.—$15, with interest.

His Honor thereupon rendered the following judgment: That plaintiff is entitled to recover possession of the land from Amanda Bumpass, and that a writ issue therefor, and it appearing that the defendant, Justice, has not been paid all the purchase money for which he sold the land to Kimball, but that $15, with interest, is still due; it is therefore ordered that unless said sum is paid by plaintiff within sixty days, I. R. Strayhorn, as commissioner of this court, shall sell the land, after due advertisement—one-half cash, and the balance at six months, with interest from day of sale—pay said debt to Justice, and the costs of action, including allowance to the commissioner, and the surplus, if any, to the plaintiff. From this judgment the defendant, Justice, appealed.

*Mr. J. W. Graham*, for plaintiff.
*Mr. W. W. Fuller*, for defendant.

ASHE, J. We find no error in the record. The defendant, Amanda, is estopped, by the deeds of mortgage which she executed jointly with her husband, to deny the title of the plaintiff, and he had the right to recover the possession from her.

Justice, who was permitted to come in and make himself a party defendant, claims that he is the legal owner of the land; that he sold it to Kimball, and gave him a bond for title when the purchase money should be paid, and Kimball sold his interest to Bumpass, and Bumpass and wife transferred their interest by mortgage to the plaintiff, and he prays that he may be declared sole owner of the land.

The defendant, Justice, under either the present or former system of procedure, might have recovered possession of the land in an action brought for that purpose; and, under the former system, the defence against such an action was purely equitable, and Thompson would have been driven into a court of equity to assert his defence, when, after the determination of the action of ejectment, the writ of possession would have been stayed until his equitable defence could be passed on. But under the present system, where the distinctions of actions of law and suits in equity are abolished, if sued for the possession of the land, he might set up his equitable defence to the action—that Justice was bound by his contract to make him a title when the purchase money was paid, and that he was ready to make the payment.

The plaintiff has a clear legal right against Bumpass, and an equitable right against Justice. If the latter had not made himself a party defendant, the plaintiff would have had the unquestionable right to recover the land from Amanda Bumpass, and Justice would have either to have brought an action for specific performance and have the land sold for the payment of the balance due him, or resort to an action to recover the possession,

when the plaintiff, Thompson, would have had the right to set up his equitable defence. But by making himself a party, it is competent for the court to consider and adjust all the rights of the parties, both legal and equitable, which are properly presented by the pleadings, and render such judgment as will determine the controversy between them, and thereby prevent a multiplicity of action which it is the policy of the present system to avoid.

As to the exception taken to the ruling of the judge in regard to the admission of proof of the handwriting of the register of deeds for Orange county, it cannot be sustained. There is no other law in this state prescribed for the authentication of the certificates of registers in the state. It is competent to prove their handwriting and their signatures to certificates of registration, as *prima facie* evidence of their official character. The fact that a person has acted in an official capacity is presumptive evidence of his due appointment to the office, because it cannot be supposed that any man would venture to intrude himself into a public situation which he was not authorized to fill. Taylor on Evidence, § 139.

No error.	Affirmed.