\*DORA ALLEN v. LON TAYLOR.

*Vendor and Vendee—Contract to Sell Land—Action to Recover Land—Notice—Undertaking to Secure Rents and Profits.*

1. One let into possession of land under a contract to purchase, is an occupant at the will of the vendor, and he so continues until the purchase money is paid.

2. In such case, the vendor may, after reasonable notice to quit, demand possession, and if the possession is not surrendered, he may bring his action at once.

3. What is reasonable notice to quit will depend on the circumstances of each case.

4. While a Court of Equity will hold a vendor who has received the full price for land as a trustee for the vendee, and compel him to convey the legal title, yet before the purchase money is paid it will not deprive him of any of his rights, legal or equitable, and one of these is the right to hold possession of the land, in the absence of a stipulation to the contrary in the contract.

5. The procedure under *The Code* has not changed the legal or equitable rights of litigants, but only allows them, as they existed under the old system, to be administered in one action.

6. A vendee failing to pay the purchase money has no right to have the land sold as of course, and a Court of Equity will not direct a sale at his instance, unless it appears that the land will sell for a sum sufficient to pay the debt, and that he is unable to pay it without a sale.

7. The vendor of land who has not been paid, has two remedies, one *in personam* against the vendee, the other *in rem* to subject the land, and he may pursue both of these at the same time, and may also maintain an action to recover the possession.

8. Where a vendee is let into possession before the purchase money is paid, and the vendor brings an action to recover the possession, the defendant must file the undertaking to secure rents and damages provided for by *The Code*, §237, before he will be allowed to answer.

(*Carson* v. *Baker*, 4 Dev., 220; *Love* v. *Edmondson*, 1 Ired., 153; *Botner* v. *Chappin*, Phil., 497; *Jones* v. *Boyd*, 80 N. C., 258; *Thompson* v. *Justice*, 88 N. C., 269; *Ellis* v. *Hussey*, 66 N. C., 501; *Green* v. *Wilber*, 72 N. C., 592; *Hemphill* v. *Ross*, 66 N. C., 477; cited and approved).

---

\*DAVIS. J., did not sit on the hearing of this case, having been of counsel.

CIVIL ACTION, tried before *Philips, Judge*, at January Term, 1886, of FRANKLIN Superior Court.

The plaintiff alleges, in substance, that she contracted to sell to the defendant the tract of land described in the complaint; that she executed to him her bond for title thereto, conditioned that it should be made when and as soon as he should pay sundry promissory notes, running to maturity at different times, given by him to her for the purchase money thereof; that the defendant failed to pay these notes as they matured, and has only paid a small part of the money due upon them; that the defendant is, and has been, in possession of the land ever since the contract of purchase was made; that he is utterly insolvent; that the plaintiff gave him more than six months' notice to quit the possession thereof, and to surrender the same to her, which he refused to do.

This action is brought to recover such possession.

At the appearance term, the plaintiff filed her complaint, and this being an action to recover the possession of land, insisted that the defendant should not be allowed to answer the same until he should give a proper undertaking as required by the statute, (*The Code*, §237,) in such cases. This he refused to do, contending that the statute does not apply to and embrace cases like this. The Court held otherwise, and the defendant having failed to give the undertaking, it gave judgment for the plaintiff, from which the defendant appealed to this Court.

*Mr. C. M. Busbee*, for the plaintiff.
*Mr. C. M. Cooke*, for the defendant.

MERRIMON, J., (after stating the facts). It is well settled, that the purchaser of land, when let into possession under a contract of purchase, is simply an occupant of it at the will of the vendor, and he so continues until the purchase

money shall be paid. The vendor may at any time put an end to such occupancy by demanding possession, after reasonable notice to quit; and if it be not surrendered, then he may at once bring and maintain an action to recover the possession.

The occupancy is by permission, and therefore lawful, and hence the occupant is entitled to reasonable notice to quit. It has been held in one case, that three weeks is sufficient notice. This, however, may depend on the circumstances. *Carson* v. *Baker*, 4 Dev., 220; *Love* v. *Edmondson*, 1 Ired., 153; *Botner* v. *Chappin*, Phil., 497.

The counsel for the appellant contended on the argument before us, that the vendor in such cases, is in equity a trustee, holding the legal title of the land for the vendee, to be made to him when and as soon as the purchase money shall be paid by him, and therefore, inasmuch as the Court may administer the equitable as well as the legal rights of parties in the same action, it ought to treat this and like cases as on a footing different from ordinary actions to recover the possession of land, in which the defendant is required to give an undertaking to secure costs and damages for loss of rents and profits the plaintiff may recover, and administer the equitable rights of the parties.

It is true that a Court of Equity will treat the vendor of land as a trustee in that respect for the vendee, and compel him to convey to the vendee the legal title, when the purchase money shall be paid, but it will do this, subject to the rights, legal and equitable, of the vendor. The land remains his at law, and the Court will not deprive him of, or abridge his legal right and remedy to obtain and have possession of it, and have the rents and profits thereof, until the purchase money shall be paid. In the absence of any agreement to the contrary, the vendee has no right, legal or equitable, to have possession of the land until he shall pay the purchase money.

In the absence of any stipulation, express or implied, to the contrary, the contract of sale implies from its very nature that the vendor retains the legal title—the land—the possession thereof, and the rents and profits of it, if he shall see fit, as his, until he shall be paid for it. If he simply does this, then there is no adverse equity to be administered in favor of the vendee. But if in any way, or from any cause, equities arise in favor of the latter, as if he should become entitled to have the land sold to pay the balance of the purchase money, he must set it up by a proper pleading, just as litigants ordinarily do.

While it is true that the Courts administer the legal and equitable rights of parties in the same action when they are properly presented to the Court, it does not follow that a vendor cannot recover possession of the land from the vendee, who has been allowed to go into possession of it while the contract of purchase is current. Indeed, one of the remedies of the vendor, recognized and upheld, is to turn the vendee out of possession. The only difference between the present and former methods of civil procedure in this State is, that the equitable and legal remedy may now be promptly applied in the same Court and in the same action when need be.

The vendee, failing to pay the purchase money, has not the right to have possession of the land, nor to have it sold, as of course, to pay the debt or a balance of it; nor will a Court of Equity direct a sale of it for such purpose, unless it is made to appear that the land will sell for a sum sufficient to pay the debt. It may be that the land is not worth a sum sufficient to pay the debt, or that the vendee can pay it without such sale, and if so, the Court will not direct a sale at his instance. The vendor has two remedies that he may adopt to collect his debt—one *in personam*, to compel the vendee to pay it—the other *in rem*, to subject the land to its payment, and he may prosecute both these remedies

at the same time; and in the meantime, he is entitled to have possession, and can maintain an action to recover the same under the present method of civil procedure, just as he might have done under that formerly prevailing. We cannot conceive of any just reason why this may not be so, and this Court has repeatedly declared that it may be done. *Jones* v. *Boyd*, 80 N. C., 258; *Thompson* v. *Justice*, 88 N. C., 269.

As between the vendee and vendor, the latter is on the footing of a mortgagee, and a mortgagee may maintain an action, now as formerly, against the mortgagor for the possession of the land mortgaged. *Ellis* v. *Hussey*, 66 N. C., 501; *Green* v. *Wilber*, 72 N. C., 502; *Hemphill* v. *Ross*, 66 N. C., 477.

The plaintiff states such a cause of action as obviously entitles her to the possession of the land described in the complaint, in the absence of an answer and any defence pleaded. She is entitled to the judgment granted by the Court below, as the defendant failed to answer. There is not the slightest reason why he should not be required to give the undertaking before being allowed to answer, as required by the statute, (*The Code*, §237). He comes within its letter and spirit. Such undertaking is intended to secure " such costs and damages as the plaintiff may recover in the action, including damages for the rents and profits." Nothing to the contrary appearing, the plaintiff was entitled to recover costs and damages. The complaint contains unnecessary and redundant matter, but nothing appears that hinders the plaintiff's recovery.

The judgment must be affirmed.

No error.                                            Affirmed.