JEREMIAH O'KEEFFE *et al.* v. THE FIRST NATIONAL
BANK OF FRANKFORT *et al.*

NEGOTIABLE NOTE — *Possession* — *Evidence of Ownership.* B. brought an action to recover upon a negotiable promissory note and to foreclose a mortgage given to secure its payment, and alleged a sale of the note to him by the payees of the same, and that he was then the owner and holder of the note and mortgage. The makers of the note and O., who purchased the mortgaged land after the execution of the mortgage, were made parties defendant. There was no indorsement nor written transfer of the note to B.  O. filed an answer, denying the title and ownership of B.  Upon the trial, B. produced and read in evidence the note and mortgage, over the objection of O., and there being no further testimony, judgment was given in favor of B.  *Held,* That as between B. and O. the possession of the note was *prima facie* evidence of ownership, and that the testimony offered is sufficient to sustain the judgment.

*Error from Marshall District Court.*

THE opinion states the case.

*J. A. Broughten,* for plaintiffs in error:

The record presents the sole question of practice, whether or not it was necessary for the plaintiff bank, under the condition of the pleadings and the cause of action stated in its petition, in making a *prima facie* case, to offer evidence tending to show that it was the owner and holder of the cause of action set forth as it alleged in its petition.  The note was payable to order of the payee therein named, and no indorsement had been made, or claimed to have been made, to the plaintiff.  We submit that such proof was necessary and re-

quired under the well-settled rules of pleading. Gen. Stat. of 1889, ¶¶ 4177, 4211; 2 Kas. 325; 1 id. 103; 5 id. 34; 17 id. 275.

*John V. Coon*, and *Gregg & Gregg*, for defendants in error:

In the court below, no personal judgment was rendered against plaintiffs in error; they sought no relief against plaintiff below; they could not recover against the plaintiff below, in any event, as there was no privity of interest between them. Plaintiff below was in possession of the note and mortgage, and produced them at the trial, and offered and introduced them in evidence. Where there is an indorsement, it is a written instrument upon which issue is joined by a verified denial, while in a case of transfer, or assignment without indorsement, a general denial puts the transfer in issue. The plaintiff proves his ownership *prima facie* by the production of the note, as the holder of a negotiable note is presumed to be the owner of it as against every person, except the payee, when the payee denies such ownership. 35 Kas. 494, and 36 id. 441.

Until plaintiff in error overcame such *prima facie* proof, it stood, and plaintiffs below were entitled to judgment. 3 Kas. 295; 5 Minn. 352; 11 Ohio St. 362; *Kniffin v. McConnell*, 30 N. Y.; 25 id. 270; 27 id. 266; 33 id. 443; 75 id. 444; 27 Cal. 367; 22 Wis. 359.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by the First National Bank of Frankfort, Kas., to recover upon a promissory note executed on the 14th day of May, 1883, by H. H. Lowery and Mary E. Lowery to Walter Bowman and Henry Bowman Brady, for $1,500, payable October 1, 1886, with interest at the rate of 8 per cent. per annum, and also to foreclose a mortgage executed by the Lowerys upon the same day to secure the payment of the note. The bank alleged in its petition that the payees named in the note, for a valuable consideration, had sold and delivered the note to it before the

maturity thereof, and that it was then the holder and owner of the note and coupons as well as the mortgage deed, and was entitled to sue and maintain its action thereon. It was also alleged that default had been made in the payment of the interest due upon the note, and that, according to the terms of the note and mortgage, the whole amount was then due, and that on the first day of October, 1885, there was due the bank thereon the sum of $1,620. There was a further allegation that, subsequent to the execution of the mortgage, the Lowerys had by a deed of general warranty conveyed the land to Jeremiah and Catharine O'Keeffe, and they were made defendants in the action. The O'Keeffes filed an answer, setting forth several defenses, the first of which was a general denial. The Lowerys answered, admitting the execution and delivery of the note and mortgage, for which they received the full amount of $1,500; and the bank replied, denying all the allegations set forth in the answer and cross-petition of the O'Keeffes. At the May term, 1889, a trial was had by the court without a jury, upon the issues so formed, and the bank offered in evidence the note and coupons, also the mortgage, which were admitted over the objection of the O'Keeffes. No other evidence was offered by either party, and the court awarded judgment against the makers of the note, and decreed the foreclosure of the real estate described in the mortgage.

The O'Keeffes now contend that the proof offered is insufficient to sustain the judgment that was rendered. They claim that, as the issues were formed, proof was necessary that the bank was the owner and holder of the note. The note was not indorsed by the payees, and there was no written transfer of the same to the bank, and, as its ownership of the note had been denied, it was incumbent upon the bank to prove that it was the owner and holder of the same. We think the proof offered was sufficient. The note and mortgage were in the possession of the bank and were produced by it at the trial. A negotiable note may be transferred without written indorsement and by mere delivery. The possession of the note and its production at the trial furnished *prima facie* evidence of

ownership in the bank, as between the contending parties in this action. If the controversy had been between the payees and a stranger, a different presumption would arise; but here neither the payees nor the makers are questioning the owner- ship of the note by the bank; and, as against the plaintiffs in error, who only claim an interest in the premises mortgaged to secure the payment of the note, the bank, holding pos- session, is *prima facie* the owner.

Some of the considerations presented by the plaintiffs in er- ror would be entitled to great weight if the payees were con- testing the ownership of the unindorsed paper with a stranger in possession; but when the bank produced and read the note in support of its title, it furnished presumptive evidence upon which it might safely rest; and nothing being shown to repel the force of the presumption, it was entitled to recover. (*Wil- liams v. Norton*, 3 Kas. 295; *Washington v. Hobart*, 17 id. 275; *Eggan v. Briggs*, 23 id. 710; *Savings Association v. Barber*, 35 id. 488; *Durein v. Moeser*, 36 id. 441; *King v. Gottschalk*, 21 Iowa, 512; *Tuttle v. Becker*, 47 id. 486; *Gill v. Johnson*, 1 Metc. [Ky.] 649; *Jackson v. Love*, 82 N. C. 405; *Robertson v. Dunn*, 87 id. 191; *Garner v. Cook*, 30 Ind. 331; *Gano v. McCarthy*, 79 Ky. 409; Pom. Rem., § 140.)

The judgment of the district court will be affirmed.

All the Justices concurring.