FIRST NATIONAL BANK OF JOHNSON CITY, et al. v. J. H. PEARSON, et al.

*Action on Note for Purchase of Land—Practice—Pleading — Frivolous Answer — Judgment — Vendor and Vendee—Reservation of Title—Rights of Purchaser—Correction of Clerical Error in Deed—Trustee's Deed.*

1. Where an action was brought to Spring Term, 1895, at which time plaintiff was allowed to file and did file his complaint within thirty days, and at Spring Term, 1896, the case was tried ; *Held*, that, as the case was removed by the filing of the complaint, from the summons to the trial docket, the court was authorized to render judgment for plaintiff upon a frivolous and insufficient answer.

2. When the complaint in an action on a note is verified judgment may be rendered on a frivolous answer, even at the appearance term.

3. The purchaser of land when title is reserved stands in the relation of a mortgagor as to the purchase money, and the vendor may pursue either or both of his two remedies, one *in personam* and the other *in rem*.

4. Where, in the trial of an action to recover on a note given for the purchase money of land, the plaintiff tendered a deed which was, by a clerical error, incorrectly dated ; *Held*, that it was not error to allow the date to be corrected upon its being reacknowledged and re-probated.

5. When it does not apppear that trustees have not obeyed and carried out the powers conferred upon them by a deed of trust, a deed by them is not objectionable because it does not contain a clause of warranty.

CIVIL ACTION, on a note for the purchase of land tried, before *Brown, J.*, at Spring Term, 1896. His Honor adjudged the answer to be frivolous and insufficient, and gave judgment for plaintiff's and defendants appealed. The facts are sufficiently stated in the opinion of Associate Justice FURCHES.

---
BANK *v.* PEARSON.
---

*Mr. J. T. Perkins*, for plaintiff.

*Messrs. Avery & Ervin* and *M. Silver*, for defendant (appellant).

FURCHES, J.: This is an action for the recovery of money, upon a plain note of hand under seal, given for land purchased by defendant Pearson at a sale by trustees under the powers contained in a deed of trust. The action was returnable to Spring Term, 1895, and was tried at Spring Term, 1896. At the trial the judge held " that the answers of the defendants were evasive and constituted no defense to the plaintiff's cause of action set out in the complaint," and rendered judgment for the plaintiff. From this judgment the defendants appealed and assigned five grounds of error, as follows:

First Exception: " That Spring Term, 1896, is an appearance term, and the court had no power at said term to render judgment." This exception cannot be sustained for the reason that it is not true in fact nor is it correct in law. The action was returnable to Spring Term, 1895, at which term the plaintiff was allowed thirty days to file a complaint, which he did within the time allowed. This complaint removed the action from the appearance or summons docket to the trial docket. Besides, the plaintiff's complaint was on a plain note of hand, and verified. And, this being so, the plaintiff was entitled to judgment when defendant's answer was found to be frivolous and insufficient, even had it been the appearance term.

Second Exception : " That the judgment is not warranted in the form rendered by the allegations of the complaint." There is no reason assigned or authority given to sustain this exception, and it is overruled.

Third Exception : " That the judgment cannot be sustained because there is no privity shown between the

plaintiff and the defendants and the trustees, and that no suit for specific performance can be maintained." This exception cannot be sustained. A purchaser of land stands in the position of a mortgagor as to the purchase money where the title has been reserved. *Killebrew* v. *Hines*, 104 N. C., 182. And he may pursue two remedies in the same action, one *in personam* and one *in rem*. *Allen* v. *Taylor*, 96 N. C., 37.

Fourth Exception : " For the reason that the trustees, Pearson and Ervin, who made the sale, are not made parties." But the judge in making the case for this Court says no such ground was taken on the trial. So this disposes of this exception, if there was anything in it.

Fifth Exception : " That the deed tendered, after being amended, is wholly insufficient to pass a proper title, for want of a warranty that it has no proper *habendum*, nor is the beginning corner stated with sufficient certainty, and that the court permitted the deed to be altered from 1893 to 1895." The judge in settling the case on appeal states that he discovered the deed was written 1893 instead of 1895, and that this was a clerical error, which he allowed to be corrected upon the grantor's re-acknowledging the deed after this alteration had been made and a re-probate of the deed had as altered. This, in our opinion, was not only allowable but was proper. And with regard to this exception his Honor further says the only other exception to the sufficiency of this deed was that it did not contain a warranty. And it seems that, while the defendants make this objection, they do not suggest that the trustees have not obeyed and carried out the powers granted them in the deed of trust. And they could not warrant more than this. Therefore, after a careful examination of not only defendant's exceptions but the complaint and answers, we must sustain the judgment of the court.

There were some other questions discussed before us, but we find they are not presented by the exceptions, and we do not feel called upon to discuss them in this opinion. But we have considered such of them as may be considered to arise upon the record and are not in the exceptions. And we find no reason why the judgment shall not be affirmed.

Affirmed.

ANERY, J., did not sit on the hearing of this case.