(Hamilton County Common Pleas Court.)

WILLIAM J. LAWLER v. FLORENCE C. KELL, EXECUTRIX.

---

*Certificate of stock—Assignment—Title—Delivery—*

1. A certificate of stock in a corporation so far partakes of the nature of a chose in action that an assignment of it may be made in equity.

2. An assignment upon valid consideration may be made by mere delivery, an endorsement or instrument in writing not being necessary to pass the title.

3. Where the transferer intends to part with his title to the transferee upon valid consideration, but has failed, neglected or refused to endorse the certificate, he, or after his death, his personal representative, may be compelled in equity to make the endorsement, so as to enable the transferee to obtain a transfer of the shares to himself on the books of of the corporation.

4. Whether such delivery would be effective as a gift inter vivos, quaere?

---

HOLLISTER, J.

Plaintiff was related by marriage to the late Wesley M. Cameron, was his friend and confidant, was governed in respect to his conduct largely by Cameron's wishes, and had been of service to him; but had never been, so far as appears, in his employ. The defendant is the daughter of Cameron and executrix of his will.

Cameron, some time before his death, in recognition of plaintiff's conduct in a certain particular being conformed to his wishes, and as a token of appreciation of plaintiff's fidelity and through affection, delivered to plaintiff a certificate of stock in the American Shot & Lead Co. for two hundred and sixty-one shares, valued at $9,009.53, intending thereby to make plaintiff the absolute owner thereof, but did not endorse the certificate in blank or otherwise, and made no written assignment of it.

At the time of Cameron's death, the certificate was in plaintiff's hands, and a short time thereafter he presented it to the defendant, laid claim to it, which was denied, and left it with her. It is fairly to be gathered from the evidence that he was seeking recognition as owner of the stock.

The defendant, in making return of the assets of the estate, filed an inventory in which this stock appears with the statement that it is claimed by a third person, who is about to institute proceedings against her to enforce his title.

The conduct of plaintiff referred to, consisted in his giving up lucrative employment with the American Shot & Lead Company, at Cameron's special instance and request, Cameron then being engaged in bitter litigation with that company.

While this gratification of Cameron's wishes was of no pecuniary benefit to him, yet it was a detriment to plaintiff, and forms a legal consideration for the delivery of the stock to plaintiff. "The consideration may be a benefit to the promisor, or to a third party, or may be of no apparent benefit to anybody; but merely a detriment to the promisee." Anson on Cont., 74; Saunders v. Pope, 1 Ohio, 486.

The fact that a valid consideration passed to Cameron, removes from the case the necessity of deciding the very unsettled question whether or not there must be an actual transfer of the stock itself on the books of the corporation, in order to constitute a valid gift inter vivos.

The certificate in Cameron's hands, issued in his name, was evidence of his ownership of certain rights in the corporation as a stockholder. Bank v. Burr, 24 Me., 256, 264; Bank v. Gifford, 47 Iowa, 575, 583. In this respect the certificate has been likened to a bond or promissory note. The holder has not actual possession of his interest in the corporation, but has the possession of the evidence of his interest. Gilpin v. Howell, 5 Barr, 57, cited in Aug. & Am. on Corp., 561; Morawetz on Priv. Corp., 173.

The shares are personal property which the owner may sell or dispose of at his pleasure, (Bardley v. Bauder, 36 Ohio St., 28, 35,) and the certificates evidencing the right to shares are choses in action. Daniel on Negot. Inst., 1708a, note 3.

"A certificate of stock is a muniment of title of the same nature with the note or bond of a private person, ordinarily called a 'chose in action,' or of a state or United States bond, or certificate of debt.' Shaw. C. J., in Hutchins v. Bank, 12 Met., 421.

It is well settled that a bill or note payable "to order" may be transferred without endorsement, the transferee taking the equitable title to it, (Daniel on Neg. Inst., 664a,) and the mere delivery of a chose in action for a good and valuable consideration is a sufficient assignment. Prescott v. Hull, 17 Johns. 284, 292.

Says the Vice-Chancellor in Hughes v. Nelson, 9 N. J. Eq.,547, 549: "In equity a chose in action * * * * may be assigned by mere delivery and without any writing whatever." Citing Galway v. Fullerton, 2 C. E. Green, 394; 2 Story on Eq. Jur., 1047. And in Story on Prom. Notes, 120, it is said: "If, by mistake, accident or fraud, a note has been omitted to be endorsed upon a transfer, when it was intended that it should be, the party may be compelled by a court of equity to make the endorsement, and, * * * if he should die his executor or administrator will be compellable * * * to

make it. The assignees of a bankrupt under the like circumstances may be compelled to make an endorsement of a note transferred before his bankruptcy." See, also, Story on Eq. Jur., 99b, 729; Smith v. Pickering, I Peake's Rep., 69; Mallon v. Southard, 36 Me., 147; Ex Parte Mobray I Jac. & Walk., 428; Ex parte Rhodes, 3 Mont. & Ayr., 217; Ex parte Greening, 13 Ves., 206; Hughes v. Nelson, supra.

In Watkins v. Maule, 2 Jac. & Walk, 237, 243, the master of the rolls said: "When a note is handed over for a valuable consideration the endorsement is mere form—the transfer for consideration is the substance; it created an equitable right, and entitles the party to call for the form. The other is bound to do that formal act in order to substantiate the right of the party to whom he has transferred it and, as he is bound to do it, the endorsement by his representative is undoubtedly as good as if it was by himself."

The mere possession of such chose in action is not enough, however, to establish even a prima facie right to it, as against the payee or his personal representatives. Gano v. McLarthy, 79 Ky., 409. And, "The other holder takes it as a mere chose in action, and while he may maintain action upon it in his own name, he must prove the transfer to himself." Van Ewan v. Stanchfield, 10 Minn., 255.

The rule is established that the delivery of a certificate of stock, endorsed in blank, or with a written power of attorney to transfer the shares, based on a valid consideration, passes to the transferee an equitable title to the stock. Morawetz on Priv. Corp., 174, and cases cited in note 1. If, then, a certificate is a chose in action resembling a promissory note, it may pass by delivery without endorsement or instrument in writing as such a note does, and the assignment is quite as effective as if it were in writing. This conclusion brings into exact point the established rule just now referred to.

The plaintiff is. therefore, the equitable owner of this stock as against Cameron's estate, and is entitled to an endorsement of it by the defendant, as executrix. The court may not, perhaps enforce an order directing a defendant to endorse sua manu; but its decree would, doubtless, be as effective in case of her refusal to do so.

The plaintiff may take judgment.

Paxton, Warrington & Boutet for plaintiff; Matthews & Cleveland for defendant.