JOHN L. WORTH v. E. H. WRENN, admr., et al.

(Filed 22 May, 1907).

1. Bond for Title—Vendor and Vendee—Statute of Limitations.—In an action to enforce a vendor's lien for unpaid purchase-money where a bond has been given to make title to real property, the statute of limitations does not begin to run until the possession of the vendee has become hostile; and neither the lapse of time nor the statute of limitations will operate to prevent the subjection of the realty or its proceeds, as distinguished from an action on separate notes given for the purchase price or *in personam*, to the payment of whatever may be due until some action has been taken that places one of the parties in a position of resistance to the claim of the other.

2. **Evidence—Transactions with Deceased Persons.**—It is competent
   for plaintiff's witness to testify what the deceased maker of
   the note sued on testified on a former trial as to its payment.
   Such is not within the meaning of the statute, Revisal, sec. 1631,
   concerning certain transactions with a deceased person.

CIVIL ACTION for specific performance of a contract for
the sale of land, tried before *Ward, J.,* and a jury, at Novem-
ber Term, 1906, of the Superior Court of SURRY County.

There were statements in the record, admission of parties
and evidence of plaintiff which tended to show that on 10
November, 1863, Job Worth and Ice Snow contracted in
writing to sell and convey unto William Colson the land de-
scribed in the complaint; that William Colson agreed to pay
1,200 pounds of good tobacco, and executed his three bonds
set out in the complaint; that William Colson immediately
went into possession of the said land and held undisturbed
possession until his death, and his children, the defendants,
except the administrator, have held possession since his
death; that this action was commenced against William Col-
son on 23 May, 1901; that while the action was still pending
William Colson died, and E. H. Wrenn was duly qualified
as administrator of his estate; that at the Spring Term,
1905, the heirs at law of William Colson were made parties
defendant; that the heirs at law filed an answer denying the
execution of the bonds, denying that plaintiff was the owner
of the bonds, and also denying that plaintiff could make good
title to the land, admitting that $2 was still due, and the par-
ties plead the statute of limitations. The execution of the
bonds was proven by the testimony of John Snow, a witness
to the said notes. That it was admitted that the plaintiff
was in possession of the notes, that he was the only heir at
law and distributee of Job Worth, deceased, one of the payees
in the note, and was also the purchaser of the interest of Ice
Snow, the other payee in the note; and it was further admit-

144—42

ted that plaintiff was in a condition to make a good title to the land; that ten cents per pound was a reasonable price for tobacco during the years of 1862-1864; that 300 pounds of tobacco were delivered to the payees to be credited on the bonds on 8 February, 1867, and 401 pounds on 3 May, 1870; that William Colson was insolvent from the date of the contract until his death.

The plaintiff offered himself as a witness, and was asked the question, "State if you ever heard William Colson testify in public trial, before a referee appointed by the Court, in the case of *Ice Snow v. John I. Worth,* administrator of Job Worth, deceased, with reference to the notes sued upon in this action, as to whether said notes had been paid; and if you did so hear him examined, state what he said." This question was objected to by the defendants and the objection sustained by the Court, and the plaintiff excepted and assigned same as error.

Defendants then stated that they would offer no evidence. They tendered plaintiff a judgment for $2, and the same was rejected.

His Honor held that the plaintiff had not made out a case, and, the statute being plead, plaintiff had not brought himself within it, and the defendants consented to the judgment in the sum of $2, admitted to be due by them in their answer, and judgment was rendered accordingly. From this judgment plaintiff prayed an appeal, and, by exceptions duly noted, assigned the following errors, to-wit:

1. That his Honor erred in excluding the evidence of John I. Worth with reference to the sworn statements of William Colson before the referee.

2. That his Honor erred in holding as a matter of law that the plaintiff could not recover, except the $2 admitted to be due by the defendants in their answer.

*W. F. Carter* for plaintiff.
*J. M. Bodenheimer* for defendants.

HOKE, J.    The Court is of opinion that neither the lapse
of time, as applied under our former system, nor the statute
of limitations now in force, as a conclusion of law, will ope-
rate to bar the plaintiff's claim, and on the testimony and
admission the plaintiff is entitled to have the case submitted
to the jury.

The action is to enforce the vendor's lien for unpaid pur-
chase-money where a bond has been given to make title to real
property on payment of the purchase price, the plaintiff own-
ing the debt and holding the legal title as successor to the
rights of the vendor, and the defendants holding as heirs of
the vendee, the defendants and their ancestor from whom
they claim having been in continuous possession of the prop-
erty under and from the date of the contract.   In such case
our decisions are to the effect that neither lapse of time nor
the statute of limitations will operate to prevent the subjec-
tion of the property or its proceeds to the payment of what-
ever may be due until after one party or the other has made
some move looking to the execution of the contract, either
by demand for specific performance or possession of the
property which has been refused, or until some action has
been taken that places one of the parties in a hostile attitude
to the other or in resistance to his claim.

The doctrine, as applied to lapse of time under the old
system, and the reasons for it, are stated in the case of *Scar-
lett v. Hunter,* 56 N. C., 85, where *Judge Pearson,* delivering
the opinion of the Court, says: "Where there is a contract
for the sale of land, the vendee is considered in equity as the
owner, and the vendor retains the title as security for the
purchase-money.    He may rest satisfied with this security
as long as he chooses, and when he wants the money he has
the same right to compel payment by a bill for specific per-

formance as the vendee has to sell for title.   The right to
have a specific performance is mutual, and when the vendee
is let into possession and continues in possession, as in our
case, it is taken for granted that the parties are content to
allow matters to remain *in statu quo* until a movement is
made by one side or the other.   These principles are fully
discussed in *Falls v. Carpenter,* 21 N. C., 237, which is de-
cisive of this case."

In *Scarlett v. Hunter* the action was brought within twenty
years from the maturity of the debt, and therefore the com-
mon-law doctrine that payment of a claim is presumed after
twenty years, applied by analogy in some instances to equity
causes, was not presented.   The tenor of the opinion, how-
ever, is to the effect that while the vendee is in possession of
the property in recognition of the contract, and until some-
thing occurs to place the parties in a hostile attitude to each
other, the lapse of time does not operate to protect the prop-
erty from the amount found to be due.   Conceding that the
presumption of payment after twenty years should apply
with us, and the weight of authority seems to support this
view—*Falls v. Torrence,* 11 N. C., 412; *Cox v. Brower,* 114
N. C., 422; *Lewis v. Hawkins,* 90 U. S., 119; *Evans v.
Johnston,* 39 W. Va., 300; *Williams v. Mitchell,* 112 Mo.,
301; Jones on Liens, sec. 1108; Lawson on Presumption,
sec. 72—it is a rebuttable one, and there is testimony which
requires that the question be submitted to a jury.

In addition to the testimony of the pecuniary condition of
the vendee there is an admission of record that there is a
balance due on the contract for unpaid purchase-money to
the amount of $2, which had been repeatedly tendered,
thereby admitting that the defendants are in possession of
the property in recognition of the contract, and that there is
purchase-money due thereon and still unpaid.   And in refer-
ence to the statute of limitations now in force and made appli-

cable to all causes of action instituted since 1 January, 1893, by chapter 113, Laws of 1891, our Court has held that where a vendee has entered and continued in possession, under a bond for title and in recognition of the contract, the statute does not begin to run until the possession of the vendee has become hostile by a refusal to surrender after a demand and notice.    In *Overman v. Jackson,* 104 N. C., 4, it is held: "While the relation of vendor and vendee is in many respects similar to that existing between mortgagor and mortgagee, the statute prescribing the time within which actions to foreclose must be brought does not embrace actions arising out of executory contracts for sales of land.    In an action to recover possession by vendor against a vendee who enters upon the contract, the only statute of limitation applicable is that of ten years (The Code, sec. 158), and it only begins to run when the possession of vendee becomes hostile by a refusal to surrender after demand and notice.    Although an action upon the debt secured by a mortgage may be barred by the lapse of time, the remedy appertaining to the security may be enforced."    And *Chief Justice Smith,* speaking to this question, said: "But, as the relation of vendor and vendee is not within the words of the statute, though it possesses many features in common with that provided for in the statute, we do not feel at liberty to extend its terms and take in the case to which they do not apply.    Proceedings to foreclose and redeem are thus limited and confined to mortgages and deeds in trust, and to these the time is restricted, and to none arising out of executory contracts of sale.    The only statute here applicable is that of section 158, The Code, which prescribes for a ten years' limit for causes of action not specifically provided for in preceding sections.    But to the application of this statute the obvious objection presents itself that it must be put in operation by an adverse holding, and hence the possession is that of a tenant holding under

the owner, rendered hostile by no demand and refusal to surrender or resistance offered to the owner's re-entry. *Barker v. Banks,* 79 N. C., 480; *Allen v. Taylor,* 96 N. C., 37. Equally without support is the suggestion that if the debt is barred, so must be the mortgage to secure it. These are esentially distinct as affected by the statute of limitations, as held in *Capehart v. Dettrick,* 91 N. C., 344; *Long v. Miller,* 93 N. C., 227."

The statute of limitations, when properly pleaded, will bar an action for the debt, so as to prevent any judgment *in personam* to be collected out of other property of the debtor; but it will not prevent the appropriation of the property held and occupied under the bond until ten years have elapsed from the time when there has been a demand and refusal. This follows, no doubt, from the principle uniformly held with us that the occupation of the vendee in such cases is permissive and rightful, and that such occupant is entitled to a demand and reasonable notice before he can be required to surrender the possession. *Allen v. Taylor, supra,* and the authorities therein cited.

The Court is of opinion, also, that the evidence offered as to what plaintiff heard William Colson, now deceased, testify concerning these notes on a trial before a referee should have been received on the issue as to payment. The proposed testimony was neither within the letter or spirit of the statute which, under certain circumstances, excludes testimony of a party litigant as to transactions with a person deceased (Code, sec. 590; Revisal, sec. 1631), and the reception of such evidence has been expressly approved (*Costen v. Mc-Dowell,* 107 N. C., 546). The case states that the plaintiff holds the legal title, and in that respect is able to perform the contract; and as to the debt, under our present system of procedure, where an action is prosecuted in the name of the real party in interest, the possession of the bond, though

non-negotiable, is *prima facie* evidence of ownership in plaintiff as against every one except the payee. *Jackson v. Love,* 82 N. C., 405; *Holly v. Holly,* 94 N. C., 670.

If, however, it should be made to appear that there are unpaid debts outstanding and enforcible against the estate of Job Worth, the vendor, it may be necessary to have his administrator made a party plaintiff or defendant.

For the errors indicated the plaintiff is entitled to have a new trial, and it is so ordered.

New trial.